F I L E D
United States Court of Appeals
Tenth Circuit

AUG 16 2004

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENND CIRCUIT

ETHAN ERWIN ROBERTS,

Plaintiff - Appellant,

v.

LAWRENCE BARRERAS, Senior Director, Cornell Correctional Institution/Santa Fe County Detention Center (SFCDC); WILFRED ROMERO, Assistant Director, Cornell Correctional Institution/SFCDC; MAJOR ROMERO, Security Chief, Cornell Correctional Institution/SFCDC; CAPTAIN/LT. HICKMAN, Supervisor, Cornell Correctional Institution/SFCDC; CAROLINE  KINGSTON, MD, Health Services/Correctional Medical Services, Inc./SFCDC; DONNA DEMING, MD, Health Services/Correctional Medical Services, Inc./SFCDC; DR. STOLLER, Health Services/Correctional Medical Services, Inc./SFCDC; ERIN FIRE, P.A.C., Health Services/Correctional Medical Services, Inc./SFCDC; ROBYNN BELL, Administrator, Health Services/Correctional Medical Services, Inc./SFCDC; MR. DESORMEAUX, Administrator, Health Services/Correctional Medical Services, Inc./SFCDC; ANNE HALL, Quality Assurance, Health Services/Correctional Medical Services, Inc./SFCDC; RICK PLOOF, Deputy U.S. Marshal, Operations Supervisor, U.S. Marshal Service; SANTA FE COUNTY; CORNELL CORRECTIONS INC.; CORRECTIONAL MEDICAL SERVICES, INC.; JOHN/JANE DOES,

No. 03-2269
(D. Ct. No. Civ-03-686
MCA/LCS)
(D. N. Mex.)

unknown at time of filing of this complaint and having a nexus to the damages of the plaintiff; all parties listed above are sued in their individual capacities and/or official capacities,

Defendants - Appellees.

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Ethan Erwin Roberts, a federal prisoner proceeding pro se, filed this action against Defendants-Appellees Lawrence Barreras et al. under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging Eighth Amendment violations from forced second-hand smoke exposure during his incarceration. Mr. Roberts appeals the District

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Court's sua sponte dismissal of his complaint. We take jurisdiction under 28 U.S.C. § 1291, REVERSE, and REMAND.

## I. BACKGROUND

Mr. Roberts was incarcerated from April 16, 1999, to June 8, 2000, at the Santa Fe, New Mexico, County Detention Center. He claims in his complaint that, during this time, he was exposed to second-hand tobacco smoke, denied necessary medical care, denied access to the courts, and suffered personal injuries as a result. Alleging violations of the Eighth Amendment to the Federal Constitution, Mr. Roberts executed his complaint on May 29, 2003, postmarked it on June 5, and filed it with the District Court on June 6.

Upon a report and recommendation from the magistrate judge, the District Court dismissed Mr. Roberts's claim sua sponte, *see* 28 U.S.C. § 1915(e)(2), for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), reasoning that the applicable three-year statute of limitations had run. *See* N.M. Stat. Ann. § 37-1-8 (setting the limitations period for personal-injury claims).[1] The District Court concluded from the complaint that Mr. Roberts knew of his injuries as early as June 1999,

---

[1]A *Bivens* action is subject to the same statute of limitations as a 42 U.S.C. § 1983 suit. *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). A § 1983 action borrows the personal-injury statute of limitations of the state where the action accrues. *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

thus rendering the statute of limitations expired in June 2002—a year before the filing of this case. On appeal, Mr. Roberts argues that his filing of mandatory administrative grievances should equitably toll the statute of limitations.

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted). We accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* Because legal sufficiency is a question of law, we review the district court's disposition of a Rule 12(b)(6) motion de novo. *Id.*

## III. DISCUSSION

On appeal, Mr. Roberts argues that we should equitably toll his claim for the time during which he sought mandatory administrative relief. If he meets the requirements for equitable tolling, we agree.

Under federal law, prisoners must exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). The exhaustion requirement applies even if the prisoner only requests monetary damages unavailable through administrative channels. *Booth v. Churner*, 532

U.S. 731, 741 (2001) (holding that § 1997e(a) requires a § 1983 prisoner-plaintiff to exhaust administrative remedies before filing suit, even when only requesting monetary damages), *overruling in part Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997); *see also Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001) (applying *Booth* in a *Bivens* case).

Reading Mr. Roberts's pro se complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we note at least three references to the filing of administrative grievances prior to the filing of this lawsuit. Compl. at 3-A-5, 3-A-6, 4-B-1, App. to D-3. Every circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and *Bivens* claims. *See, e.g.*, *Leal v. Georgia Dep't. of Corrections*, 254 F.3d 1276, 1280 (11th Cir. 2001) (citing other circuit decisions).

The District Court did not address the tolling issue, even though Mr. Roberts claims in his complaint that he filed grievances. A district court's decision to dismiss a complaint under § 1915(e)(2) "cannot serve as a factfinding process for the resolution of disputed facts." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation omitted). In *Fratus*, we held "that the district court improperly dismissed [the] complaint by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts." *Id.* Similarly, because Mr. Roberts

alleges that he filed grievances required by § 1997e(a), the statute of limitations defense is not "patently clear from the face of the complaint." *Id*. Thus, we hold that, because the complaint alleges the filing of mandatory administrative grievances, the District Court committed reversible error in dismissing the complaint sua sponte without considering whether equitable tolling is appropriate. On remand, the District Court should determine whether the alleged administrative filings toll the applicable limitations period.

It is not entirely settled whether New Mexico law or federal law provides the appropriate tolling rule in this case. *Compare Leal*, 254 F.3d at 1280 (state law provides the appropriate statute of limitations tolling rules) *with Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir. 1992) ("Even if Texas did not provide a haven for equity, federal courts possess the power to use equitable principles to fashion their own tolling provisions in exceptional situations in which state statutes of limitations eradicate rights or frustrate policies created by federal law. . . ."). Because we need not resolve this legal uncertainty before the District Court makes its factual findings, we do not reach this question today.

Finally, we note that this determination involves both legal and factual issues. *See Leal*, 254 F.3d at 1280 ("If the district court resolves this legal issue in favor of tolling, then the court should address the factual issue of whether [the plaintiff] pursued administrative remedies such that sufficient tolling occurred to

enable [him] to avoid a statute of limitations bar."). We leave the order of this determination to the discretion of the District Court. For instance, the District Court need not decide the legal question of whether equitable tolling applies, if it finds that, as a factual matter, the administrative filings could not sufficiently toll the statute of limitations even if tolling were applicable. If the District Court first conducts this factual inquiry, it should consider authorizing service of the Defendants, b ecause its power to dismiss claims sua sponte under § 1915(e)(2) "cannot serve as a factfinding process for the resolution of disputed facts." *Fratus*, 49 F.3d at 675.

## IV. CONCLUSION

For the foregoing reasons, we REVERSE and REMAND.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge