**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

ETHAN ERWIN ROBERTS,

       Plaintiff-Appellant,

v.

No. 05-2373

LAWRENCE BARRERAS, Senior
Director, Cornell Correctional
Institution/Santa Fe County Detention
Center; WILFRED ROMERO,
Assistant Director, Cornell
Correctional Institution/SFCDC;
ROMERO, Security Chief, Cornell
Correctional Institution/SFCDC;
HICKMAN, Supervisor, Cornell
Correctional Institution/SFCDC;
CAROLINE KINGSTON, Health
Services/Correctional Medical
Services, Inc./SFCDC; DONNA
DEMING, Health
Services/Correctional Medical
Services, Inc./SFCDC; STOLLER,
Health Services/Correctional Medical
Services, Inc./SFCDC; ERIN FIRE,
P.A.C., Health Services/Correctional
Medical Services, Inc./SFCDC;
ROBYNN BELL, Administrator,
Health Services/Correctional Medical
Services, Inc./SFCDC;
DESORMEAUX, Administrator,
Health Services/Correctional Medical
Services, Inc./SFCDC; ANNE HALL,
Quality Assurance, Health
Services/Correctional Medical
Services, Inc./SFCDC; RICK PLOOF,

Deputy U.S. Marshal, Operations Supervisor, U.S. Marshal Service; SANTA FE COUNTY, CORNELL CORRECTIONS, INC., CORRECTIONAL MEDICAL SERVICES INC.; JOHN/JANE DOES, unknown at time of filing of this complaint and having a nexus to the damages of the plaintiff; all parties listed above are sued in their individual capacities and/or official capacities,

                    Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D. Ct. No. 03-0686 LCS/MCA)**

---

Submitted on the briefs:

Ethan Erwin Roberts, pro se.

Patrick D. Allen and April D. White, Yenson, Lynn, Allen & Wosick, P.C., Albuquerque, New Mexico for Defendants-Appellees Cornell Corrections, Inc., Santa Fe County, Lawrence Barreras, and Major Romero. Deborah D. Wells, Kennedy, Moulton & Wells, P.C., Albuquerque, New Mexico for Defendant-Appellee CMS. James R. Wood, Miller Stratvert P.A., Albuquerque, New Mexico for Defendant-Appellee Donna Deming.

---

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

**McCONNELL**, Circuit Judge.

Ethan Erwin Roberts, a federal corrections inmate, filed a claim in the District of New Mexico on June 9, 2003, pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He alleges that while under the care of the defendants, employees of a private prison in New Mexico, he was exposed to harmful secondhand smoke and denied access to legal materials in violation of his constitutional rights. The district court dismissed Mr. Roberts's claim on summary judgment based on a failure to comply with the statute of limitations and failure to exhaust administrative remedies. We reverse and remand.

## I. BACKGROUND

Mr. Roberts was incarcerated from April 16, 1999 to June 8, 2000, as a pretrial federal prisoner at the Santa Fe County Adult Detention Center. According to his complaint, "[a]ll cells and the common day area . . . were constantly saturated with environmental tobacco smoke from 14 to 20 hours a day," causing him to "suffer irreparable lung damage." R. Vol. I, Doc. 1, at 2. Mr. Roberts also alleges that he was forbidden from using the facility's law library or materials.

Mr. Roberts filed suit in the District of New Mexico on June 9, 2003. The district court dismissed the claims *sua sponte* at the summary judgment stage,

finding that the statute of limitations had expired before the filing of the plaintiff's claim. A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues. *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994); *Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984). In New Mexico, the limitation on personal injury claims is three years. N.M. Stat. Ann. § 37-1-8. The court held that, in Mr. Roberts's case, the statute began running no later than September 1999, when Mr. Roberts, in his own words, first "began to experi[e]nce serious medical problems and sought treatment." R. Vol. I, Doc. 5, at 3.

Mr. Roberts appealed from the ruling to this Court, and a panel of this Court reversed, finding that the district court had failed to consider equitable tolling when calculating the elapsed time. *Roberts v. Barreras*, 109 Fed. App'x 224 (10th Cir. 2004) (unpublished opinion). We noted that "[e]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and *Bivens* claims." *Id.* at 226. We remanded to the district court with instructions to consider whether the statute of limitations should have been tolled. *Id.*

On remand, both parties presented evidence relating to whether Mr. Roberts had filed administrative grievances sufficient to toll the statute of limitations. In a detailed affidavit, Mr. Roberts claimed that he filed approximately fourteen

grievance forms. Among them, he attests, were a grievance in June or July of 1999 complaining of lack of access to legal materials and a grievance "no later than early September 1999" complaining of exposure to high levels of secondhand smoke. R. Vol. I, Doc. 69, at 2. He asserts that he received no receipts upon submission of his grievances, nor any written responses to them.

Mr. Roberts also provided a copy of an investigation of the Santa Fe County Adult Detention Center conducted by the United States Department of Justice in 2002. The report noted that:

> The County is not providing inmates the tools needed [to challenge their sentences or the conditions of their confinement] through a law library, legal assistance, forms system or otherwise.
>
> The grievance system at the Detention Center is not providing a meaningful path for redress of inmate complaints. . . . [T]he facility fails to document its actions in response to inmates' complaints and fails to let the inmate know how it has responded.

R. Vol. I, Doc. 7, Ex. M, at 5. Mr. Roberts requested an evidentiary hearing, arguing that a number of witnesses could testify to the fact that they had seen him fill out and file grievance forms.

In response, the defendants offered an affidavit from Linda LeCroy-Ortega, the institution's records custodian. Ms. LeCroy-Ortega testified that a review of the institution's records revealed that Mr. Roberts filed six formal grievances.

Appellee App. at 59-60, 61-74. Then, in the words of the defendants' brief, "[s]everal weeks later, while searching for documents in an unrelated case, counsel for the SFCADC Defendants located two additional documents which . . . reflected the possibility that Roberts may have filed a seventh administrative grievance." Appellees' Joint Answer Br. at 17. None of the seven grievances produced by the Defendants related to the subjects of Mr. Roberts's suit.

The Defendants conceded that they do not maintain full records of the grievance process: "Given the amount of time that has transpired since these alleged incidents and the retirement of individuals formerly charged with the responsibility for managing these records, it is unclear what the disposition of Roberts' grievances actually was." *Id.* at 18-19. They also noted that, despite searching their records, they were unable to locate any of the institution's grievance logs or summaries.

The district court again granted summary judgment to the defendants, adopting in full the recommendations of the magistrate judge. The magistrate judge found that equitable tolling did not apply because the Plaintiff did not show that he had, in the language of *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), "diligently pursue[d] his claims and demonstrate[d] that the failure to timely file was caused by extraordinary circumstances beyond his control." R. Vol. II, Doc. 88, at 7-8. The court also held that the plaintiff had shown no proof of administrative exhaustion, finding that Mr. Roberts "failed to show that he ever

filed a grievance related to the subject matter of this lawsuit." *Id*. at 8. As a result, the court concluded both that the statute of limitations had expired and that Mr. Roberts had failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Mr. Roberts timely appealed.

## II. DISCUSSION

### A. Standard of Review

We review a district court's grant of summary judgment de novo, using the same standards applied by the district court. *Baca v. Sklar,* 398 F.3d 1210, 1216 (10th Cir.2005). We view the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party, *id.,* and will affirm a grant of summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Because legal sufficiency is a question of law, we review the district court's disposition of a summary judgment dismissal de novo. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### B. Burden of Proof

What might seem to be one question—whether Mr. Roberts had exhausted his administrative remedies—is really the foundation for two distinct legal issues:

whether equitable tolling applies to halt the statute of limitations, and whether the Plaintiff met the PLRA's exhaustion requirement before filing suit. Both questions rely on Mr. Roberts's use of the institutional grievance process, and both must be answered in the affirmative in order for his suit to proceed. But although these two issues ask the same question of the same set of facts, they entail different burdens of proof.

In the prior appeal in this case, we left open the question of whether New Mexico law or federal law provides the appropriate rules—including, presumably, the setting of the burden of proof—for equitable tolling. *Roberts*, 109 Fed. App'x at 226. On remand, the district court seemed to assume without deciding that federal law governed the standards for tolling. We disagree. Our Court has held that "state law governs limitations and tolling issues" in § 1983 cases. *Garrett v. Fleming*, 362 F.3d. 692, 697 (10th Cir. 2004); *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995); *Wilson v. Garcia*, 471 U.S. 261, 269 (1985) ("[T]he length of the limitations period, and closely related questions of tolling and application, are to be governed by state law.") (superseded by statute on other grounds).

Under New Mexico law, "the party claiming that the statute of limitations should be tolled has the burden of setting forth sufficient facts to support its position." *City of Carlsbad v. Grace*, 966 P.2d 1178, 1181 (N.M. Ct. App. 1998). Because it is Mr. Roberts who seeks equitable tolling, it falls on him to prove that his claim merits it.

This Circuit enunciated its rule for administrative exhaustion under the PLRA in *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). *Steele* adopted the language of the Sixth Circuit, characterizing administrative exhaustion as a pleading requirement that fell on the plaintiff, rather than as an affirmative defense. *Id.* at 1210. As a result, prisoner-plaintiffs were required to "attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Id*. (quoting *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). The district court order in this case relies heavily on *Steele* in rejecting Mr. Roberts's claims, finding that he "does not adequately indicate that he has completed the formal grievance process." R. Vol. II, Doc. 88, at 9.

The Supreme Court recently rejected our rule in *Steele*, however, and set forth a new standard to govern PLRA lawsuits: "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007); *see also Aquilar-Avellaveda v. Terrell*, ___ F.3d ___, 2007 WL 646150 (10th Cir. Mar. 5, 2007).

*Jones* does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to *Jones* have all put the burden of proof on defendants, to the extent that

-9-

they addressed the issue. *See Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003); *Ray v. Kertes*, 285 F.3d 287, 295 (3d. Cir. 2002); *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). These holdings comport with the common-law premise that the burden of proving all affirmative defenses rests on the defendant. *Patterson v. New York*, 432 U.S. 197, 202 (1977). "This common-law rule accords with the general evidentiary rule that 'the burdens of producing evidence and of persuasion with regard to any given issue are both generally allocated to the same party.'" *Dixon v. United States*, 126 S.Ct. 2437, 2443 (2006) (quoting 2 John W. Strong, McCormick on Evidence § 337, at 415 (5th ed. 1999)). We therefore hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant.

In sum, for equitable tolling of the statute of limitations, the burden lies with the plaintiff; for administrative exhaustion under 42 U.S.C. § 1997, the burden lies with the defendants.

### C. Statute of Limitations

In our prior opinion in this case, we noted that "[e]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and *Bivens* claims." *Roberts*, 109 Fed. App'x at 226. On remand, the district court applied the federal tolling standard applicable

to habeas suits, holding that tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." R. Vol. II, Doc. 88, at 7 (citing *Marsh* 223 F.3d at 1220).

As noted above, however, in a § 1983 suit, state tolling rules, not federal ones, apply. *Fratus*, 49 F.3d at 675. That holds both for determining whether the filing of mandatory grievances requires tolling at all, and, if so, how that tolling is to be calculated. *See Harris v. Hegmann*, 198 F.3d 153, 156-59 (5th Cir. 1999).

### i. Time Calculation

Mr. Roberts was removed from the Cornell facility on June 8, 2000. He filed this suit three years and one day later, on June 9, 2003. Under New Mexico law, as under federal law, the day of release is not included when calculating the statute of limitations, and when the period ends on a Saturday or Sunday, the deadline is extended to the following Monday. N.M.R.A., 1-006; Fed. R. Civ. P. 6. June 8, 2003 was a Sunday. Therefore, if tolling is found to apply for the length of Mr. Roberts' stay in the Santa Fe facility, his suit will not be time-barred.

### ii. Equitable Tolling

New Mexico has both statutory and equitable tolling provisions. *Gathman-Matotan Architects and Planners, Inc. v. State*, 787 P.2d 411, 414 (N.M. 1990).

The state's equitable tolling provision applies both before the commencement of an action and after the filing of a complaint. *Gathman-Matotan*, 787 P.2d at 414. "Equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Ocana v. American Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004). Such "extraordinary event[s]" include conduct by a defendant that caused the plaintiff to refrain from filing an action during the applicable period. *In re Drummond*, 945 P.2d 457, 462 (N.M. Ct. App. 1997); *Molinar v. City of Carlsbad*, 735 P.2d 1134, 1137 (N.M. 1987). This, then, seems the appropriate provision under which to consider Mr. Roberts's claim that he was prevented from accessing the law library for the majority of his incarceration.

The complaint and its appendices contain allegations that Mr. Roberts was denied the ability to use the prison's library or legal materials in order to draft a complaint against the defendants. Mr. Roberts alleges that, after being permitted to use the library twice in May and June, 1999, he repeatedly asked again to use the library, and was told that "the U.S. Marshals Office has ordered [the institution] to prohibit all federal prisoners from using the law library." R. Doc. 1, at 4-B-1. Allegedly, further inquiries obtained similar responses. Appellant notes that, without the use of the library, he was unable to "learn the necessary elements to establish and support his claims and the law and procedures necessary for him to proceed in a timely manner." *Id.* at 4-B-2. In other words, the

-12-

plaintiff's lack of access to the library kept him from researching the very question at issue in this appeal: the applicable statute of limitations.

In a federal habeas proceeding, the Antiterrorism and Effective Death Penalty Act permits tolling only "'in rare and exceptional circumstances,'" and thus a claim of insufficient access to relevant legal resources is not enough to support equitable tolling. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). That principle is not controlling here.

We are not aware of any New Mexico caselaw determining whether an inmate's lack of access to a law library is a sufficient basis for equitable tolling. Nonetheless, even on the heuristic assumption that it is sufficient, we conclude that Mr. Roberts is not entitled to equitable tolling under New Mexico law. In New Mexico law, equitable tolling—sometimes referred to as fraudulent concealment—only applies when the defendant is prevented from filing throughout the entire length of the statutory period: "[I]f a plaintiff discovers the injury within the time limit, fraudulent concealment does not apply because the defendant's actions have not prevented the plaintiff from filing the claim within the time period and the equitable remedy is not necessary." *Tomlinson v. George*, 116 P.3d 105, 111 (N.M. 2005). When Mr. Roberts was released from the Cornell correctional facility, a full two years remained for him to file suit under the

statute of limitations. Accordingly, equitable estoppel as a result of denial of library access is not sufficient to prevent any of his claims from expiring.

### iii. Statutory Tolling

The state's statutory tolling provision, however, does appear to apply to Mr. Roberts's use of the grievance process. A New Mexico statute requires that, "[w]hen the commencement of any action, shall be stayed or prevented by injunction order or other lawful proceeding, the time such injunction order or proceeding shall continue in force shall not be counted in computing the period of limitation." N.M. Stat. Ann. § 37-1-12, 1978. Although New Mexico has no caselaw specifically addressing the tolling requirements upon the filing of mandatory administrative grievances, the language of the statute ("any . . . lawful proceeding") seems to encompass mandatory grievance proceedings.

We cannot agree with the district court that Mr. Roberts failed to show that he filed an administrative grievance on the issue of environmental smoke. Although neither a copy of the grievance nor a response is part of the record, Mr. Roberts submitted an affidavit describing with specificity the grievances that he filed and the dates on which he filed them, and adequately explained why he could provide no paper documentation. He also proffered testimony by fellow inmates that he filled out and filed forms, along with a report from a Department of Justice investigation to the effect that the facility "fails to document its actions in response to inmates' complaints and fails to let the inmate know how it has

responded." The defendants, in their answer, virtually admit that the institution's record-keeping is so incomplete that it cannot conclusively deny that Mr. Roberts filed the grievances.

The defendants argue that, even assuming Mr. Roberts properly filed an administrative grievance regarding environmental smoke, the tolling period would last only 32 days, and Appellant's claims would still be time-barred. This is, in effect, a request that we affirm on alternative grounds.

Under the New Mexico statute, tolling occurs only so long as "such injunction order or proceeding shall continue in force." N.M. Stat. Ann. § 37-1-12, 1978. Our habeas corpus precedent concerning the grievance process, though not binding in the context of § 1983 actions, is instructive. It holds "the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). In order to determine how long Mr. Roberts's claim should be tolled, we must know how long his grievance remained viable under the institution's grievance procedures in effect at the time of Mr. Roberts's grievance.

The extant grievance forms filled out by the Appellant incorporate the institution's grievance policy by reference. They all read, in part, "Policy and Procedure #30500/30501 explain Cornell's grievance process. Familiarize yourself with the guidelines outlined within the policy." Appellees' App. at 65.

-15-

The forms are all signed and dated by Mr. Roberts, and the dates range from October 6, 1999 to May 26, 2000. Mr. Roberts alleges, and we accept as true for the purposes of summary judgment, that he filed a secondhand-smoke grievance in September 1999.

The Appellees argue the entire grievance process, if properly followed by the institution, takes no more than thirty-two days. In support of that contention, Appellees provide a copy of a grievance policy labeled "Policy Number: 246-1." Appellee's App. at 49-55. The corner of the document reads "Revised 11/99." Appellees also provide a blank grievance form, identical to the ones filled out by the Appellant, with one exception. In place of the sentence "Policy and Procedure #30500/30501 explain Cornell's grievance process," it reads "Policy and Procedure SFCDC 246-1 explain Cornell's grievance process." Appellee's App. at 56. Appellees provide an affidavit from Linda Lecroy-Ortega, the former records custodian at the institution, stating that the above documents "constitute the policies and procedures pertaining to inmate grievances that were in effect at the time of the incident which gives rise to Plaintiff's Complaint." Appellee's App. at 60.

Appellees provide no explanation, however, of what policy is contained by forms 30500 and 30501, which were represented as the institution's grievance policy on the grievances filled out by the plaintiffs. Nor do they explain how or why the grievance policy they provided was "Revised 11/99," as noted on form

246-1, or how to square that language with Ms. Lecroy-Ortega's assertion that the grievance policy remained unchanged from April 1999 to June 2000.

The Appellant claims that his grievance was filed under an earlier grievance process, presumably 30500/30501, which was not provided as part of the record. Moreover, Mr. Roberts claims in an affidavit that, despite multiple requests, he was never provided with any copy of any grievance policy.

In short, the accounts of the grievance process, and of Mr. Roberts's access to it, are inconsistent and incomplete. We may affirm on alternative grounds only when those grounds are "dispositive, indisputable," and appear clearly in the record. *Colorado Property Acquisitions, Inc. v. United States*, 894 F.2d 1173, 1175 n.5 (10th Cir. 1990). We find the record unclear as to what grievance process was in place at the time Mr. Roberts allegedly filed his grievance. We therefore find it necessary to remand to the district court with instructions to determine the nature of the grievance process, as conveyed to Mr. Roberts, in September 1999.

### E. Exhaustion of Administrative Remedies

Because Mr. Roberts had no affirmative requirement to prove exhaustion for purposes of 42 U.S.C. § 1997, we reverse the district court's ruling that he had not exhausted his administrative remedies. *Jones*, 127 S.Ct. at 921. On remand, the defendants are entitled to raise exhaustion as an affirmative defense. We remind the district court that, under the newly announced rules of *Jones*,

administrative exhaustion on one claim does not warrant dismissal of the entire action. *Id.* at 923.

## III. CONCLUSION

The judgment of the United States District Court for the District of New Mexico is **REVERSED** and **REMANDED**. Appellant's motion to "File Previously Stricken Briefs" is denied.