**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEVIN SANCHEZ,

      Plaintiff - Appellant,

v.

FNU HARRISON, Judge; THOMAS
HYNS, 11th Judicial District Court
Judge; ROBERT CARTER, New
Mexico Probation and Parole Officer;
TOM HAVEL, San Juan County
Detention Center Administrator,

      Defendants - Appellees.

No. 07-2115
(D.C. No. CV-06-1145)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Plaintiff-Appellant Kevin Sanchez, a New Mexico state inmate appearing

pro se, appeals from the district court's sua sponte dismissal of his civil rights

complaint.  Mr. Sanchez alleges that he was falsely imprisoned, and he seeks

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

damages pursuant to 42 U.S.C. § 1983. The district court dismissed the complaint, holding that it was filed beyond the applicable statute of limitations. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Sanchez was arrested, convicted, sentenced and incarcerated in 2001. Thereafter, Mr. Sanchez was released on probation, but he was later arrested for violating the terms of his probation. He admitted to the violation and was sentenced to 174 days' imprisonment on October 23, 2003.

On November 21, 2006, Mr. Sanchez filed a complaint in federal district court alleging that various state officials violated his constitutional rights by illegally incarcerating him.[1] The case was assigned to a magistrate judge, who granted Mr. Sanchez leave to proceed in forma pauperis. See 28 U.S.C. § 1915(a). The district court then exercised its responsibility to examine the complaint, determining that it "fail[ed] to state a claim on which relief may be granted," id. § 1915(e)(2)(B)(ii), because it was barred by the statute of limitations. Accordingly, the district court dismissed the action. R. Doc. 14.

---

[1] Mr. Sanchez appears to have asserted a similar claim in appealing the sentence he received when his probation was revoked. See State v. Sanchez, No. 24,495 Memorandum Opinion at 1 (N.M. Ct. App. May 24, 2004). The New Mexico Court of Appeals rejected this claim, noting that a 174-day sentence was far short of the maximum sentence for which Mr. Sanchez was eligible. Id. Thus, we harbor serious doubts about whether Mr. Sanchez can assert a valid § 1983 claim on the facts of this case. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 plaintiff seeking damages for unconstitutional imprisonment must show that his conviction or sentence has been reversed or otherwise declared invalid). However, we need not reach this issue because we agree with the district court that his claim is barred by the statute of limitations.

Mr. Sanchez now appeals. Although his appellate brief essentially reasserts his underlying allegations rather than addressing the reason the district court gave for dismissing his complaint, we accord Mr. Sanchez's filings liberal construction due to his pro se status. Haines v. Kerner, 404 U.S. 519, 520 (1972). We review the dismissal of his complaint de novo. High Country Citizens Alliance v. Clarke, 454 F.3d 1177, 1180 (10th Cir. 2006).

"[T]he limitation period for an action under 42 U.S.C. § 1983 . . . is set by the personal injury statute of the state where the cause of action accrues." Roberts v. Barreras, 484 F.3d 1236, 1238 (10th Cir. 2007). In New Mexico, the limitation period on personal injury claims is three years. N.M. Stat. Ann. § 37-1-8. This limitation period began to run on the date that the false imprisonment ended. Wallace v. Kato, 127 S. Ct. 1091, 1096 (2007). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process–when, for example, he is bound over by a magistrate or arraigned on charges." Id.

Accordingly, the period of limitation on Mr. Sanchez's cause of action for false imprisonment began to run on October 23, 2003, when he was sentenced after his probation violation. The limitation period ended three years later, on October 23, 2006. In other words, Mr. Sanchez's complaint for false imprisonment, filed on November 21, 2006, was barred by the statute of limitations.

The judgment is AFFIRMED. Mr. Sanchez is reminded of his continuing obligation to make partial payments of the filing fee. <u>See</u> 28 U.S.C. § 1915(b).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge