**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY S. TWITTY,

      Plaintiff-Appellant,

v.

MIKE HOLLADAY, Community
Correcions Residential Director;
DWIGHT PLOWDEN, Community
Corrections Residential Counselor, in
their individual and official capacities,

      Defendants-Appellees.

No. 08-3229
(D.C. No. 07-3186-MLB)
(Dist. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Plaintiff-Appellant Anthony Twitty brought this 42 U.S.C. § 1983 claim

against Defendants-Appellees Mike Holladay[1] and Dwight Plowden alleging they

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]Defendant-Appellee Holladay's name was apparently misspelled in the case caption. (See Aple. Br. at 1 n.1.)

had violated his constitutional rights by detaining him beyond the term of his sentence. Mr. Twitty also filed a motion to proceed on this appeal in forma pauperis. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's grant of summary judgment for the Appellees and deny his request to proceed in forma pauperis.

## I. Background

On September 9, 2004, Anthony Twitty was sentenced by a Kansas state court to 12 months' imprisonment for fleeing or attempting to elude an officer and driving while suspended. The court converted Mr. Twitty's sentence into 12 months' probation and gave Mr. Twitty 171 days of credit towards his sentence for time he served in custody before the date of his sentencing. Mr. Twitty was subsequently incarcerated for a different offense from September 28, 2004 to January 6, 2005. While serving that apparently unrelated sentence, the court revoked Mr. Twitty's September 9, 2004 probation due to Mr. Twitty's failure to report to his Intensive Supervision Officer ("ISO") between September 9, 2004 and September 28, 2004. The court extended Mr. Twitty's probation for 24 months beginning on November 11, 2004, and instructed Mr. Twitty to serve that term of probation at Community Corrections Residential.

After being released from incarceration on January 6, 2005, Mr. Twitty reported to Community Corrections Residential, where he remained until July 1,

2005. Apparently believing that he had completed the period of his probation, Mr. Twitty left Community Corrections Residential on July 1, 2005. Mr. Twitty was arrested again on October 10, 2005 for failing to report to his ISO and for being in possession of cocaine. He was held in jail for 52 days for violating his probation, and then released pending his trial for the drug offense. He was subsequently convicted of two drug charges, and sentenced to 34 months in prison and 12 months' probation.

While incarcerated, Mr. Twitty filed the instant claim under 42 U.S.C. § 1983, alleging that the Appellees had violated his constitutional rights by holding him at Community Corrections Residential. Appellee Holladay was the director of Community Corrections Residential, and Appellee Plowden was Mr. Twitty's counselor at the facility. Mr. Twitty alleged that he repeatedly informed the appellees that he was being held beyond the term of his sentence, but they ignored his pleas. Mr. Twitty had previously included the state prosecutors as defendants in this case, but he voluntarily dismissed them.[2]

---

[2]Shortly before the district court entered summary judgment for the defendants, Mr. Twitty filed "Amended and Supplemental Pleadings" naming Sedgwick County Sheriff Gary Steed as an additional defendant. The district court did not address Mr. Twitty's claims against Steed, stating that "the specifics of plaintiff's claims against Sheriff Steed are unknown." (Dist. Ct. Order at 2.) Although the district court never explicitly denied Mr. Twitty's request to amend the pleadings, the district court effectively denied Mr. Twitty's request to amend his pleadings by granting summary judgment for the remaining defendants. On appeal, Mr. Twitty argues that the court should have considered his claim against Sheriff Steed. This court reviews a district court's denial of a motion to amend

(continued...)

The Appellees filed a motion to dismiss, which the court converted into a motion for summary judgment. After allowing the parties to file additional materials in support of their positions, the district court granted summary judgment for the appellees, finding that Mr. Twitty's claims were barred by the statute of limitations. This appeal followed.

## II. Discussion

"We review a district court's grant of summary judgment de novo, using the same standards applied by the district court. We view the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party, and will affirm a grant of summary judgment only where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(c)." Roberts v. Barreras, 484 F.3d 1236, 1239-40 (10th Cir. 2007) (citation and quotation omitted).

This court has reviewed the record on appeal, and concurs with the district court's determination that Mr. Twitty's claim is barred by the statute of

---

[2](...continued)
the pleadings for abuse of discretion, see Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007), and concludes that the district court did not abuse its discretion by denying Mr. Twitty's motion to amend the pleadings because Mr. Twitty never provided an appropriate justification for the proposed amendment.

limitations. "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." Brown v. Unified School Dist. 501, Topeka Public Schools, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). While the amount of time that must pass before a claim is barred is governed by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). "Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Id. at 389 (quoting 2 H. Wood, Limitation of Actions § 187d(4), p. 878 (4th rev. ed.1916)).

Mr. Twitty's claim against the Appellees accrued no later than July 1, 2005, when Mr. Twitty walked out of Community Corrections Residential. Mr. Twitty did not file the instant claim until July 19, 2007, more than two years later. His claim is, therefore, barred by the statute of limitations.[3]

Mr. Twitty raises two arguments in support of his position that the statute of limitations had not run before he filed his claim. First, he argues that even after leaving Community Corrections Residential on July 1, 2005, he continued to

---

[3]The Appellees also raised a qualified immunity defense. Determining that this case could be decided on the statute of limitations issue alone, the district court did not address that defense. This court follows the district court's approach and declines to reach the qualified immunity defense.

participate in aftercare programming through that facility until September 9, 2005. He argues that the statute of limitations did not, therefore, begin to run until September 9, 2005. Second, he argues that the Appellees played a role in causing a warrant to issue for his arrest on September 9, 2005, thereby insinuating that he was still under their control.

Even if Mr. Twitty's participation in aftercare programming could toll the running of the statute of limitations or constitute a violation of his rights cognizable under § 1983, this court refuses to consider that claim because it was not raised before the district court. This court does not generally "address arguments presented for the first time on appeal." United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002). This court is especially reluctant to consider new factual allegations on appeal, because the opposing party has not had the opportunity to rebut those allegations with additional evidence. Cf. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720-21 (10th Cir. 1993) (noting that consideration of new issues on appeal is disfavored in part because that "'would . . . require us to frequently remand for additional evidence gathering and findings,' Hicks v. Gates Rubber Co., 928 F.2d 966, 970-71 (10th Cir. 1991) [and] would undermine the 'need for finality in litigation and conservation of judicial resources' id. at 971").

This court also rejects Mr. Twitty's argument that the issuance of a warrant for his arrest on September 9, 2005 somehow extended the time during which he

could bring this claim. The Appellees are employed at Community Corrections Residential, and Mr. Twitty has not provided any evidence that they have any role in issuing or processing arrest warrants. The fact that the state police subsequently arrested Mr. Twitty does not, therefore, extend the time during which he could file this claim against these Appellees.

Lastly, this court concludes that Mr. Twitty has failed to present a nonfrivolous argument on appeal, and we exercise our discretion to deny his motion to proceed in forma pauperis.

## III. Conclusion

For the forgoing reasons, we **AFFIRM** the district court's grant of summary judgment for the Appellees, and **DENY** Mr. Twitty's request to proceed in forma pauperis.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge