FILED
United States Court of Appeals
Tenth Circuit

January 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICTOR S. ARCHULETA,

      Plaintiff-Appellant,

v.

ROBERT NANNEY; JUSTIN SPENCE,

      Defendants-Appellees.

No. 12-1030
(D.C. No. 1:07-CV-02515-MSK-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Plaintiff-appellant Victor S. Archuleta, proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against defendants for injuries he received when he was a Colorado Department of Corrections ("DOC") inmate temporarily housed at the Adams County Detention Facility ("ACDF"). As we construe Mr. Archuleta's appellate briefing, he appeals the district court's denial of his trial motion for

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment as a matter of law under Fed. R. Civ. P. 50. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm, concluding that the record is insufficient to allow appellate review.

## I. Background

Mr. Archuleta's claims arose from an incident in April 2007 wherein he was allegedly subjected to excessive force by defendants, both ACDF prison officials. At issue throughout the litigation was whether Mr. Archuleta had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this suit. In an amended complaint, Mr. Archuleta admitted that he did not exhaust his administrative remedies but claimed that such remedies were made unavailable to him as a DOC inmate.

On this basis, defendants moved for summary judgment under Fed. R. Civ. P. 56, arguing that Mr. Archuleta was not prevented from filing a grievance at ACDF. Mr. Archuleta responded, claiming in part that he was denied grievance forms by ACDF officials when requested. The matter was referred to a magistrate judge who recommended granting defendants' motion. The district court, however, rejected the recommendation and, therefore, denied defendants' motion.

The case ultimately went to trial. Before the district court submitted the case to the jury, Mr. Archuleta, who was represented by counsel, moved for judgment as a matter of law under Fed. R. Civ. P. 50 on the ground that defendants had failed to prove their affirmative defense that Mr. Archuleta failed to exhaust his administrative

remedies. The district court denied Mr. Archuleta's motion and submitted the case to the jury. In a special verdict interrogatory, the jury found that Mr. Archuleta was not prevented from filing a grievance form regarding his alleged injuries but found in his favor that Mr. Spence used excessive force.[1] Mr. Archuleta renewed his Rule 50 motion, which was denied, and the district court issued an order forthwith dismissing the case for failure to exhaust. Mr. Archuleta then filed post-judgment motions, which were also denied. Mr. Archuleta now appeals.

## II.     Discussion

As a preliminary matter, as best we can discern from the record on appeal and Mr. Archuleta's appellate briefing, he appeals the district court's denial of his Rule 50 motion.[2] And to a small degree, he seems to appeal the district court's order, based on the jury's factual findings, dismissing his case for failure to exhaust administrative remedies. We address each in turn.

"We review the district court's denial of a Rule 50 motion for judgment as a matter of law *de novo*, applying the same legal standard as the district court." *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000). "We shall review all the evidence in the record, construe the evidence and inferences most favorably to the nonmoving party, and refrain from making credibility determinations

---

[1]     The jury found in favor of defendant-appellee Robert Nanney.

[2]     In other words, Mr. Archuleta does not appeal the denial of his post-judgment motions.

- 3 -

and weighing evidence." *Id.* "Judgment as a matter of law is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." *Id.* (internal quotation marks omitted).

On appeal, Mr. Archuleta claims that the district court erred in failing to grant him judgment as a matter of law under Fed. R. Civ. P. 50 because defendants failed to prove at trial their affirmative defense regarding Mr. Archuleta's failure to exhaust his administrative remedies. *See Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007) (noting that failure to exhaust under PLRA is an affirmative defense, the burden of proof of which lies with the defendant). His argument consists of the sufficiency of the evidence presented at trial, specifically the testimony of certain ACDF officials as well as his testimony. And in doing so, he cites to "Doc. 237," Aplt. Br. at 7, 8, but this refers only to the courtroom minutes of the trial. The problem, however, is that no transcripts of the trial have been provided and, in fact, as noted by defendants, no trial transcripts have been ordered, *see* Aplee. Br. at 3, n.1.

An adequate record on appeal, which allows us to examine the relevant materials and proceedings before the district court, is necessary for us to undertake our review. *See Sanpete Water Conservancy Dist. v. Carbon Water Conservancy Dist.*, 226 F.3d 1170, 1175 (10th Cir. 2000). Because the record does not contain a trial transcript, it is insufficient for us to review the issue of sufficiency of the evidence at trial regarding the motion for judgment as a matter of law. The burden is

- 4 -

on Mr. Archuleta to "provide all portions of the transcript necessary to give [us] a complete and accurate record of the proceedings related to the issues on appeal." 10th Cir. R. 10.1(A)(1); *see also Milligan-Hitt v. Bd. of Trs. of Sheridan Cnty. Sch. Dist. No. 2*, 523 F.3d 1219, 1231 n.9 (10th Cir. 2008) (noting that because the record on appeal under Fed. R. App. P. 10 automatically contains district court filings, including the transcripts of proceedings if any, "the major failure parties can make on appeal with respect to the record . . . is to neglect to order transcripts that are necessary to adequately consider an issue").

And although defendants, to the best of their abilities, summarize in their appellate briefing the trial testimony of ACDF officials, as well as the trial testimony of Mr. Archuleta, this does not rectify the problem. "When sufficiency of the evidence is raised, the entire relevant trial transcript must be provided." 10th Cir. R. 10.1(A)(1)(a). Appellate review of the issue raised by Mr. Archuleta is not possible without reference to the trial transcript, i.e., without reference to the only certified record of precisely what evidence was presented at trial regarding the issue of Mr. Archuleta's exhaustion of administrative remedies. We must therefore affirm the district court's denial of Mr. Archuleta's motion for judgment as a matter of law.

Finally, although Mr. Archuleta's appellate briefing is almost entirely directed at his argument concerning the sufficiency of the evidence for his motion for judgment as a matter of law, he does ask this Court to "reverse the district court's final order dismissing [the] case for failure to exhaust administrative remedies."

Aplt. Br. at 13 (capitalization omitted). Based on the jury's formal finding on the issue of fact concerning exhaustion of administrative remedies, the district court addressed the legal effect of this finding and issued an order dismissing the case for failure to exhaust. To the extent that Mr. Archuleta challenges the sufficiency of the evidence supporting the jury's finding regarding the issue of exhaustion, we may review this issue de novo so long as the challenge was raised in a Rule 50 motion. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1183 (10th Cir. 2011). But even assuming the issue was raised, again, as demonstrated above, we cannot review this challenge without an appropriate record.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge