FILED
United States Court of Appeals
Tenth Circuit

July 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILLY G. MARSHALL,

      Plaintiff - Appellant,

v.

CHARLES LEE, Correctional Officer;
A. ARMSTRONG, Sergeant; TRACY
ELLIS, Case Manager; KAREN
GOODSON, Unit Manager; PAULA
BETHEA, Law Library Supervisor;
JUSTIN JONES, Director DOC;
CHAD DENNIS, Captain; CARL
BEAR, Warden's Assistant; JAMES
RUDEK, Warden; DEBBIE
MORTON, Appellate Review Auth.;
J.B. HAYNES, Correctional Officer,

      Defendants - Appellees.

No. 13-6062
(W.D. Oklahoma)

(D.C. No. 5:12-CV-00009-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Billy Marshall, a state prisoner proceeding *pro se*, appeals the grant of summary judgment to the defendants (several Oklahoma correctional officials employed at the Oklahoma State Reformatory ("OSR")) in his 42 U.S.C. § 1983 action. The district court found that Mr. Marshall had failed to exhaust his claims. For the following reasons, we affirm that decision.

## BACKGROUND

Mr. Marshall is incarcerated in the custody of the Oklahoma Department of Corrections ("ODOC"), serving a life sentence for his conviction for Robbery with a Dangerous Weapon after multiple prior felony convictions, and also serving consecutive terms of imprisonment of life and life without parole for his respective convictions for Robbery in the First Degree and Murder in the First Degree, all after multiple prior felony convictions. He has been confined at OSR since November of 2009.

Mr. Marshall filed a 42 U.S.C. § 1983 action against Defendants on January 3, 2012.[1]  In his complaint, he generally alleged that Defendants denied him due process during his misconduct proceedings, retaliated against him through various acts, and impermissibly read and detained his legal mail. Mr. Marshall sought compensatory and punitive damages.

Certain of the Defendants (Armstrong, Bear, Goodson, Haynes, Jones, Morton and Rudek) filed a Motion to Dismiss/Motion for Summary Judgment on April 19, 2012, arguing, *inter alia*, failure to state a valid claim, failure to exhaust remedies, and Eleventh Amendment immunity.  The district court granted those Defendants' Motion for Summary Judgment on the ground that Mr. Marshall had failed to properly exhaust his administrative remedies.  Mr. Marshall appealed that order to this court, and we dismissed the appeal for jurisdictional defects by order dated November 21, 2012.  See Marshall v. Armstrong, No. 12-6257 (10th

---

[1]Mr. Marshall's complaint named as defendants the following individuals, all employees of ODOC:  Anthony Armstrong, Carl Bear, Karen Goodson, J.B. Haynes, Justin Jones, Debbie Morton, James Rudek, Paula Bethea, Chad Dennis, Tracy Ellis and Charles Lee.  We refer to them as "Defendants" collectively, and name each one individually as needed for clarity.

We note that, in his complaint filed in January 2012, Mr. Marshall alleged that he filed a 42 U.S.C. § 1983 action against Defendants Rudek and Bear in May 2011.  Taking judicial notice of our records, we can determine that a § 1983 action was filed by Mr. Marshall against Defendants Bear, Morton and Rudek on May 23, 2011.  Marshall v. Bear, Case No. CIV-11-575-HE.  The district court dismissed that action for failure to exhaust administrative remedies, Mr. Marshall appealed, it was assigned No. 12-6272 in our court and it remains pending. Nonetheless, the instant complaint names all eleven involved ODOC employees as defendants.

-3-

Cir. Nov. 21, 2012) (dismissing for lack of prosecution pursuant to 10th Cir. R. 42.1).

Meanwhile, the remaining Defendants (Bethea, Dennis, Ellis and Lee) had filed a motion for summary judgment, asserting substantially the same arguments made in the motion by the other Defendants. The district court likewise granted summary judgment to those Defendants, based on Mr. Marshall's failure to exhaust his administrative remedies. The court then issued a judgment "against plaintiff and in favor of <u>all</u> defendants." Judgment at 1, R. Vol. 1 at 341 (emphasis added). This appeal followed.


**DISCUSSION**

Mr. Marshall argues the district court erred in granting summary judgment, alleging, variously, that he had "filed grievance appeals that were disregarded"; "just because [a Defendant] refused to answer did not mean that plaintiff did not present a grievance appeal"; "the district court wrongfully determined that plaintiff failed to file grievances"; "the grievance restriction policy is racially biased"; and "the court appeared biased." Appellant's Op. Br. at 2-4.

Exhaustion of remedies is mandatory under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), and "unexhausted claims cannot be brought in court." <u>Thomas v. Parker</u>, 609 F.3d 1114, 1117 (10th Cir. 2010) (internal quotation marks omitted). "Because the prison's procedural requirements define

-4-

the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." Little v. Jones, 607 F.3d 1245, 1249 (10th Cir. 2010) (citation omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Finally, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies. The doctrine of substantial compliance does not apply." Thomas, 609 F.3d at 1118 (citation, quotations and brackets omitted). "A party may move for summary judgment, identifying each . . . defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). "We review a district court's grant of summary judgment de novo, using the same standards applied by the district court." Id. at 1239; see also Little, 607 F.3d at 1249 ("We review de novo the district court's finding of failure to exhaust administrative remedies." (internal quotation marks omitted)).

We have reviewed the parties' briefs, the record on appeal, and the relevant legal authority. We conclude, as did the district court, that Mr. Marshall failed to exhaust his administrative remedies. Accordingly, we affirm the district court's grant of summary judgment to Defendants, for substantially the same reasons given by the magistrate judge in his supplemental report and recommendation[2], as adopted by the district court.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment. We deny Mr. Marshall's motion to proceed *in forma pauperis*. We also deny his motion for recusal of certain judges.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]The magistrate judge's report and recommendation is called "supplemental" because it was issued when the second group of Defendants filed their motion for summary judgment, alleging the same claims and making the same arguments as the first group of Defendants. The magistrate judge wrote a report and recommendation with respect to the first group and a "supplemental" report and recommendation with respect to the second group. As indicated above, following its adoption of the supplemental report and recommendation, the district court entered judgment in favor of all Defendants.