**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

AARON LAUBACH,

      Plaintiff-Appellant,

    v.

JOSEPH SCIBANA, Warden; T C
PETERSON; T JORDAN; MICHAEL
ENGLAND; LAURA PETRASH;
EDWARD MCNERNEY; D LUCHE;
F MOLINA; BARBARA MALCHER;
W LEE; S ZEAVIN; SUSAN ENGLE;
TILFORD MOLSKNESS; B T JONES;
MIKE MAZE; KEITH MCCORALL;
AL KESSLER; MARGARET
GRISMNER; DENISE AYNES;
DEBRA DES COMBS; SHAIN
TERRALL; E FELTZ; D MOORE; S
WILLIS; J ASHLEY; J FOWNER,

      Defendants-Appellees,

  and

NORMA CASTRO,

      Defendant.

No. 06-6338
(D.C. No. CIV-05-1294-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    After examining the briefs and the appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs

(continued...)

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Plaintiff Aaron Laubach appeals the district court's dismissal of his pro se prisoner complaint. In resolving his appeal, we consider the effect of the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007) on the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

In November 2001, Plaintiff, an inmate at the Federal Correctional Institution in El Reno, Oklahoma, injured his right ankle while playing soccer in the prison gym. He alleges that he spent the next four years trying to obtain adequate medical care for his injury, but that medical personnel consistently misdiagnosed his injury, provided inadequate care, and took away the cane that he needed for standing and walking. He further alleges that he was repeatedly subjected to disciplinary sanctions because of his physical inability to obey staff orders to walk without a cane. Plaintiff filed a complaint in October 2005, seeking declaratory and injunctive relief as well as compensatory and punitive damages. He attached to his complaint records demonstrating that he filed a grievance in May 2002 regarding his medical care and that he filed several

_____

(...continued)
without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

-2-

appeals relating to his disciplinary sanctions. In his disciplinary appeals, he alleged that Defendant McNerney improperly took his cane away, that the rest of the medical department refused to reverse Mr. McNerney's decision, and that it was because of this improper medical treatment that he was unable to comply with staff orders.

In accordance with an order from the district court, Defendants filed a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Defendants also filed a 12(b) motion to dismiss asserting, among other grounds, that Plaintiff had not administratively exhausted all claims in his complaint. Defendants provided no documentation for this assertion other than their records relating to the May 2002 grievance.

After considering Defendants' *Martinez* report and motion to dismiss, the magistrate judge recommended dismissal of the case based upon failure to exhaust. Citing to *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003), in which we held that the PLRA places the burden of pleading and proving exhaustion on the prisoner, the magistrate judge determined that Plaintiff had only proven exhaustion of claims arising from the medical treatment he received before May 16, 2002, when he filed his administrative grievance. She therefore recommended dismissal of Plaintiff's complaint based on our determination in *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004), that a prisoner's entire complaint should be dismissed if any claims are unexhausted.

The magistrate judge did note that the disciplinary appeals mentioned some of Plaintiff's medical concerns, but she apparently concluded that these appeals were irrelevant to the question of exhaustion. The district court adopted the magistrate judge's report and recommendation and dismissed the complaint.

While this appeal was pending, the Supreme Court issued an opinion that abrogated both *Ross* and *Steele*. In *Jones v. Bock*, 127 S. Ct. 910 (2007), the Court resolved a circuit split regarding the interpretation of the PLRA's exhaustion requirement. Overruling *Ross*, the Court concluded that the PLRA did not require total exhaustion of all claims in a complaint. *Id.* at 923-26. Rather, the Court held that when a complaint contains both exhausted and unexhausted claims, district courts should follow the usual procedural rule of "proceed[ing] with the good and leav[ing] the bad." *Id.* at 924. With respect to *Steele*, the Court held that failure to exhaust is an affirmative defense and that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921. Although *Jones* did not specifically address the issue of the burden of proving exhaustion, we have subsequently held that, as an affirmative defense, exhaustion must be raised and proven by the defendants. *Roberts v. Barreras*, No. 05-2373, 2007 WL 1113956, at *4 (10th Cir. Apr. 16, 2007).

In light of *Jones*, this case must be remanded for further consideration by

the district court.[1]  Because of the significant shift in the burden of proof, the court on remand should allow Defendants an opportunity to meet their burden of proving failure to exhaust.[2]

For the foregoing reasons, we **VACATE** the district court's decision and **REMAND** for further proceedings in accordance with *Jones v. Bock* and this opinion.  We **DENY** Defendant Susan Engle's pro se motion to be dismissed, which presents a factual question that is better left for resolution by the district court on remand.  We **GRANT** Plaintiff's motion to correct the record.  We also **GRANT** Plaintiff's motion to proceed on appeal without prepayment of filing fees, and we remind him of his obligation to continue making partial payments until the entire fee has been paid.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] We decline to address Defendants' other asserted grounds for dismissal, as they were not considered by the district court below.

[2] The court should also reevaluate whether Plaintiff's disciplinary appeals in fact exhausted some of his claims.  While we make no ruling on this issue, it seems to us that resolving the underlying medical treatment issue must have been a necessary predicate to deciding whether the disciplinary sanctions imposed were appropriate.