**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AARON LAUBACH,

      Plaintiff-Appellant,

v.

JOSEPH SCIBANA, Warden; T.C.
PETERSON, Warden; T. JORDAN,
Physician Assistant; MICHAEL
ENGLAND, Physician Assistant;
LAURA PETRASH, Physician
Assistant; NORMA CASTRO,
Physician Assistant; EDWARD
MCNERNEY, Physician Assistant;
D. LUCHE, Physician Assistant;
F. MOLINA, Physician Assistant;
BARBARA MALCHER, Dr., Clinical
Director; W. LEE, Dr.; S. ZEAVIN,
Dr.; SUSAN ENGLE, X-ray
Technician; TILFORD MOLSKNESS,
D.O., Radiologist; B.T. JONES,
Medical Administrator; MIKE MAZE,
Medical Administrator; KEITH
McCORALL, Medical Administrator;
AL KESSLER, Medical Administrator;
MARGARET GRISMNER, Medical
Administrator; DENISE AYNES,
Assistant Health Services
Administrator; DEBRA DES COMBS,
Acting Administrative Secretary;
SHAIN TERRALL, Emergency
Medical Technician; E. FELTZ,
Captain; D. MOORE, Case Manager;
S. WILLIS, Associate Warden; J.
ASHLEY, Lieutenant; J. FOWNER,
Lieutenant,

      Defendants-Appellees.

No. 08-6080
(D.C. No. 5:05-CV-01294-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Aaron Laubach, a federal prisoner in Oklahoma, appeals the dismissal of his pro se complaint filed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. He also has filed an "Emergency Motion for Injunctive Relief or in the Alternative Writ of Mandamus on Appeal" and a "Motion For Order of Contempt of Court." The district court judge dismissed the case after adopting a magistrate judge's finding that Mr. Laubach's claims were "either time-barred or subject to dismissal without prejudice for failure to exhaust administrative remedies." R., Vol. 3, Doc. 228 at 28. Because Mr. Laubach failed to file specific objections to the magistrate judge's report and recommendation, we conclude that he waived his right to appellate review. Accordingly, we affirm the district court and deny the outstanding motions.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Mr. Laubach injured his ankle playing soccer in a prison gymnasium on November 4, 2001. He sought and received medical treatment, but alleges that prison medical staff minimized and misdiagnosed his injury, and then wrongly denied him the use of a cane and braces he needed to walk. He filed several grievances with prison officials, but all were denied. He also challenged a number of disciplinary sanctions for refusing to work and obey orders, arguing that he was disabled by his injury. Then, on November 7, 2005, still dissatisfied with his treatment, Mr. Laubach filed a complaint in the district court, reciting his four years of experiences with prison officials since his injury. In addition to alleging that prison medical staff had a policy of minimizing inmate injuries, Mr. Laubach claimed that staff delayed his access to administrative remedies; retaliated by confining him in administrative detention and depriving him of a cane and pain medication; and were deliberately indifferent to his serious medical needs, which resulted in intense pain and permanent loss of the full use of his ankle. Mr. Laubach sought damages, as well as declaratory and injunctive relief.[1]

On motion of several defendants, the district court dismissed Mr. Laubach's complaint because he failed to exhaust his administrative remedies on some, but not all, of his claims. Mr. Laubach appealed, and we remanded in light of the

---

[1] Mr. Laubach concedes that his claims under the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552, are moot.

Supreme Court's intervening decision in *Jones v. Bock*, 549 U.S. 199 (2007). In particular, we directed the district court to allow defendants an opportunity to demonstrate Mr. Laubach's failure to exhaust. Accordingly, after the case was referred to a magistrate judge, the defendants who had been served and responded to the complaint supplemented their original motions to dismiss, arguing, *inter alia*, failure to exhaust and the applicable statute of limitations. Mr. Laubach, in turn, contended that the statute of limitations was subject to various tolling principles and that his prison disciplinary proceedings satisfied the exhaustion requirement.

In a report and recommendation dated December 27, 2007, the magistrate judge agreed that Mr. Laubach's claims were "either time-barred or subject to dismissal without prejudice for failure to exhaust administrative remedies." R., Vol. 3, Doc. 228 at 28. Finding these defenses equally applicable to all defendants, the magistrate judge recommended that all claims against the unserved and unresponsive defendants be dismissed as well. The magistrate judge's rationale was that Mr. Laubach exhausted only one grievance, dated May 16, 2002, which effectively divided his claims into those that were exhausted by the grievance but barred by the statute of limitations, and those that were not yet exhausted. The magistrate judge reasoned that the May 16, 2002, grievance could not have exhausted any remedies for claims based on events occurring after that date, and thus any claims post-dating that grievance were unexhausted.

-4-

Further, because Mr. Laubach's May 16, 2002, grievance complained only of deliberate indifference, and because Mr. Laubach never initiated a grievance to challenge a prison policy or retaliatory practice, the magistrate judge determined that he failed to exhaust his remedies for all claims except those asserting deliberate indifference. Leaving only his claims of deliberate indifference based on events occurring before May 16, 2002, the magistrate judge found that they were barred by the applicable two-year statute of limitations. Finally, after rejecting Mr. Laubach's exhaustion and tolling arguments, the magistrate judge alerted Mr. Laubach that he had until January 16, 2008, to object to the recommended disposition, and that failure to object would waive his right to appellate review. R., Vol. 3, Doc. 228 at 29.

On January 7, 2008, Mr. Laubach filed a "Motion for Reconsideration," asking the district court for "a finding of fact and law as to all claims presented for dismissal." *Id.*, Vol. 4, Doc. 229. He did not present any arguments concerning exhaustion or the tolling of the statute of limitations. Rather, he noted that the magistrate judge "failed to make a finding of fact and law as to the specific [i]ssues of: Absolute Immunity, [Q]ualified Immunity, and Liability to be [premised] on Supervisory Status." *Id.* Construing the motion for reconsideration as a blanket objection to the report and recommendation, the district judge reviewed the magistrate judge's proposed disposition de novo and found no error. Therefore, on January 31, 2008, the district judge adopted the

-5-

report and recommendation, agreeing that "all claims in [the] Complaint are either time-barred or subject to dismissal without prejudice for failure to exhaust administrative remedies." *Id.*, Doc. 231 at 2.

On February 12, 2008, Mr. Laubach moved the district judge under Federal Rule of Civil Procedure 59(e) to alter or amend its judgment. He again declined to present any argument concerning exhaustion or the untimeliness of his claims. Instead, he argued that because his motion for reconsideration was only intended to toll the time he had to file objections, which he had yet to file, the court had misconstrued his motion. *See id.*, Doc. 233 at 1. The district judge denied the request. Now on appeal, Mr. Laubach does not address his failure to object to the magistrate judge's report, but rather challenges the magistrate judge's recommendation that the case be dismissed for failure to exhaust and untimeliness. Appellees, however, contend that he waived his right to appellate review by failing to lodge specific, relevant objections to the magistrate judge's report and recommendation. They further argue that even if his objections were adequate, his complaint ought to be dismissed for the reasons discussed by the magistrate judge. We agree with appellees on both points.

## II

This court has adopted the firm waiver rule, which bars appellate review of both factual and legal questions if a party fails to timely object to the magistrate judge's findings or recommendations. *Moore v. United States*, 950 F.2d 656, 659

-6-

(10th Cir. 1991). "[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to "serve and file *specific* written objections" within ten days of service) (emphasis added). A district court's decision to conduct a de novo review in the absence of specific objections does not necessitate lifting the bar to appellate review. *See 2121 E. 30th St.*, 73 F.3d at 1061. "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659).

Neither exception applies here. The magistrate judge informed Mr. Laubach that he had until January 16, 2008, to file objections and that his failure to do so would waive his right to appellate review. Although Mr. Laubach filed his motion for reconsideration within the allotted time, his motion made only a general request for factual and legal determinations on all claims. We have previously held that such general objections are insufficient to preserve appellate review. *See 2121 E. 30th St.*, 73 F.3d at 1060. Even his reference to the three specific issues—absolute immunity, qualified immunity, and respondeat superior—was vague and bore no relevance to the magistrate judge's proposed

disposition. *See id.* ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies" underlying the firm waiver rule). And lest there be any lingering doubt whether the motion for reconsideration was adequate to preserve appellate review, Mr. Laubach expressly conceded in his motion to alter or amend the district court's order that he had yet to file any objections. Indeed, he affirmatively argued that his motion for reconsideration was only intended to toll the objection period, despite the fact that his motion did not purport to be a request for an extension. Under these circumstances, Mr. Laubach's pro se status does not shield him from the firm waiver rule.

Nor does the interest-of-justice exception warrant excusing Mr. Laubach from the firm waiver rule. The interest-of-justice analysis is similar to plain error review in that it "expressly includes review of a litigant's unobjected-to substantive claims on the merits." *Morales-Fernandez*, 418 F.3d at 1120. We also have considered a pro se litigant's efforts to comply and his proffered reasons for failing to comply. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). Mr. Laubach, however, offers no explanation for why he failed to file specific objections to the magistrate judge's report; we have only his untimely argument presented to the district court judge that his motion for reconsideration should have tolled the objection period. But again, because the motion for reconsideration in no way indicated that it was intended as a request

for an extension, we reject this argument. We are thus left to determine whether the district court's dismissal of Mr. Laubach's claims involved plain error. Plain error is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Morales-Fernandez*, 418 F.3d at 1122-23 (quotation omitted). We perceive no error.

The Prison Litigation Reform Act requires that an inmate exhaust available administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). The only remedy Mr. Laubach exhausted concerned his grievance dated May 16, 2002.[2] Consequently, this grievance could not have exhausted remedies for any claims based on events occurring after that date. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) ("A grievance obviously cannot exhaust administrative remedies for claims based on events that have not yet occurred. Nor does a grievance exhaust administrative remedies for all future complaints of the same general type."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Although Mr. Laubach maintains that his disciplinary appeals effectively exhausted his remedies for claims arising after May 16, 2002, only under the most expansive interpretation of the prison disciplinary process could we infer that the physical-incapacity defense he raised at those proceedings

_____

[2] Because this grievance complained only of deliberate indifference, the magistrate judge correctly concluded that the grievance could not serve to exhaust Mr. Laubach's claims challenging a prison policy or retaliatory practice.

exhausted his claims of deliberate indifference. Yet even if we were to endorse such an approach, Mr. Laubach failed to fully pursue his available disciplinary appeals, and thus still fails to satisfy the exhaustion requirement. Therefore, the district court was correct to dismiss Mr. Laubach's unexhausted claims without prejudice. If Mr. Laubach wishes to pursue these claims in a new action, he must first exhaust his administrative remedies.

As for his claims based on events occurring before May 16, 2002, the magistrate judge was correct to conclude that they were barred by the statute of limitations. Mr. Laubach injured his ankle on November 4, 2001. He filed his complaint on November 7, 2005, under *Bivens*. *Bivens* actions follow the same statute of limitations that applies to personal injury suits in the state where the action accrues. *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). In Oklahoma, that period is two years. Okla. Stat. Ann. tit. 12 § 95(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Consequently, assuming that the limitations period is tolled while an inmate exhausts his administrative remedies, *see Roberts*, 484 F.3d at 1238, and assuming that Mr. Laubach's May 16, 2002, grievance covered all claims arising before that date, the limitations period for those claims would be tolled until he exhausted his administrative remedies on October 4, 2002. Hence, the two-year statute of limitations for bringing those claims expired on October 4, 2004. Mr. Laubach, however, did not file his

complaint until November 7, 2005. Accordingly, these claims are time-barred, and the district court was correct to dismiss them.

## III

Notwithstanding our determination that Mr. Laubach is subject to the firm waiver rule, we must nevertheless consider his pending motions for (1) emergency injunctive relief or writ of mandamus and (2) contempt of court. Both motions allege that on July 2, 2008, Appellee Margaret Grismner interfered with Mr. Laubach's ability to prosecute this appeal by forcefully depriving him of a cane. Although these motions essentially seek the same substantive relief Mr. Laubach sought by bringing the underlying action (an order enjoining defendants from taking his cane), it is apparent that, through these pleadings, Mr. Laubach is actually attempting to assert a new claim.

Ordinarily, the proper procedure for bringing any new claim would be for Mr. Laubach to exhaust his administrative remedies and then file a complaint in the district court. Here, however, Mr. Laubach endeavors to circumvent the correct procedure by asking that we take the extraordinary step of granting an injunction, mandamus, or contempt order, without offering any valid justification for the extraordinary relief he seeks. Nothing in this patently meritless appeal leads us to conclude that such extraordinary relief is warranted, and there is no indication that he has or will suffer irreparable harm if relief is not granted. Indeed, nothing suggests that his ability to prosecute this appeal has been

impeded or that he could not initiate a new action after properly exhausting his administrative remedies. Consequently, because Mr. Laubach may not circumvent the correct procedure for bringing a new claim and fails to make the necessary showings required for relief, his motions are denied.

**IV**

The judgment of the district court is AFFIRMED. Mr. Laubach's "Emergency Motion for Injunctive Relief or in the Alternative Writ of Mandamus on Appeal" is DENIED. His "Motion For Order of Contempt of Court" is DENIED, and Mr. Laubach is reminded that he remains obligated to continue making partial payments until his filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1).

Entered for the Court

Stephen H. Anderson
Circuit Judge