**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GLENN H. GORTON,

        Plaintiff-Appellant,

v.

DAVID MILLER, Warden; FRY,
Correctional Officer, Law Library
Supervisor; MEAD, Sergeant;
HANCOCK, Food Supervisor;
HALVERSON, Medical Director;
EDWIN CARNS, Doctor; COLLINS,
Correctional Officer; PETERING,
Correctional Officer,

        Defendants-Appellees.

No. 08-6160

(D.C. No. 07-CV-00284-F)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

In this *pro se* state prisoner appeal, Plaintiff Glenn H. Gorton claims the

district court erred by granting summary judgment to Defendants.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2). Therefore, this case
is ordered submitted without oral argument.

In his second amended complaint[1] before the district court, Plaintiff alleged Defendants violated his rights under 42 U.S.C. § 1983. He first claimed they denied him access to the courts by failing to provide him with physical access to the law library, instead requiring that he request materials from a law clerk. Plaintiff generally objected to treating inmates in protective custody differently from those in the general population for library access purposes. Next, Plaintiff claimed jail staff acted with deliberate indifference to his medical needs by providing him with a walker instead of a wheelchair and by handcuffing him to his walker at times. He also raised an issue of a delay in medical care, claiming correctional staff failed to respond quickly enough when he fell and hit his head. Lastly, Plaintiff contended he was provided inadequate food. Specifically, he claimed the food was undercooked, spoiled, and lacked variety. Plaintiff complained of going to bed hungry because the food did not meet his nutritional needs.

In response to an order by the magistrate court, Defendants filed a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *Hall v. Bellmon*,

---

[1] Plaintiff filed his first complaint in his own name and that of a co-plaintiff. The magistrate court recommended the co-plaintiff be dismissed from the case without prejudice to pursuing his claims in a separate action because his claims involved distinct questions of law and fact and required particularized proof. Further, the court recommended the claim regarding access to the courts be dismissed for failing to state a claim upon which relief could be granted, but also recommended that Plaintiff be allowed to file an amended complaint. The district court adopted these recommendations.

935 F.2d 1106, 1112 (10th Cir. 1991). In conjunction with this, Defendants filed a motion for summary judgment, contending Plaintiff's claims must fail because he did not exhaust his administrative remedies and because his allegations did not rise to the level of constitutional violations. Upon review of the pleadings and evidence presented, the magistrate judge recommended the district court grant Defendants' motion because Plaintiff presented insufficient evidence that he exhausted his administrative remedies. In the alternative, the magistrate court recommended that Plaintiff's access-to-courts and deliberate-indifference-to-medical-needs claims be dismissed for failure to state a claim and that Defendants' motion for summary judgment regarding the adequacy of Plaintiff's diet be granted. After reviewing the report and recommendation, the court granted summary judgment to Defendants on these same grounds.

We review a grant of summary judgment *de novo*, using the standards applied by the district court. *Roberts v. Barreras*, 484 F.3d 1236, 1239 (10th Cir. 2007). In other words, we view the evidence and the reasonable inferences to be drawn from it in the light most favorable to the nonmoving party, and affirm only where there remains "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

Even viewing the evidence in the light most favorable to Plaintiff, we conclude that, with respect to all but one count, Defendants met their burden of

proving Plaintiff failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Barreras*, 484 F.3d at 1241. The PLRA requires prisoners to exhaust any available administrative remedies before bringing an action under § 1983 or other federal law. 42 U.S.C. § 1997e(a). To comply with this requirement, a prisoner must fully complete the prison's administrative process. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Any claims not exhausted should be dismissed. *See id.* at 221.

At Lawton, an inmate begins the grievance process with an attempt to informally resolve complaints with staff within three days of the incident. From there, if the complaints remain unresolved, the inmate must file a staff request describing the nature of the complaint. This must be submitted within seven days of the incident. If the inmate is unsatisfied with the response to the staff request or if authorities fail to respond to his request, the next step is to file a grievance. If the inmate fails to follow correct procedures for submitting a grievance, the grievance may be returned for proper submission within ten calendar days. If an inmate is still dissatisfied after this, in many cases, he can appeal to the administrative review authority.

In this case, the record shows Plaintiff failed to complete the administrative process for the majority of his claims. With only one exception, the grievances Plaintiff filed were returned to him unanswered due to procedural defects. There is no indication Plaintiff ever resubmitted the grievances to correct these defects.

-4-

In order to exhaust remedies, inmates must *properly* complete the grievance process and correct deficiencies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Because Plaintiff never responded to Defendants' summary judgment motion before the district court, he adduced no evidence establishing exhaustion of his administrative remedies and provided no explanation regarding any of the defects in his grievances. In his appeal, Plaintiff implies he was prevented from adequately exhausting his remedies because prison officials have cautioned him about abusing the grievance process. However, this does nothing to explain the procedural deficiencies in the grievances Plaintiff submitted and it fails to create any factual dispute for summary judgment purposes. Therefore, we conclude the undisputed evidence shows Plaintiff failed to exhaust his administrative remedies with respect to his claims of medical care and inadequate diet.

As for the only grievance that was arguably properly filed, Plaintiff has not shown that his limited access to the law library rises to the level of a constitutional violation. Broadly construed, Plaintiff's claim is that his lack of physical access to the library limits his access to the courts. In order to establish a violation of the right of access to the courts, an inmate must prove relevant, actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, he cannot do so "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* He must "go one step further

-5-

and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.*

After submitting a staff request asking for full physical access to the library, Plaintiff followed up with Grievance No. 07-016. Corrections personnel denied the grievance due to Plaintiff's protective custody status, but noted that law library officers make rounds, providing legal materials to inmates in restrictive housing five days a week. Although Plaintiff makes generalized allegations that being granted access to library materials via a law clerk is inadequate, Plaintiff has failed to establish that any limits on his physical access to the law library have hampered his ability to pursue claims.

Finally, Plaintiff has filed a motion requesting a copy of Federal Rules of Civil Procedure. Plaintiff indicates that he never received the civil rules from Lawton in response to a request he submitted, although he did receive the appellate rules. He generally claims he needs the civil rules to address his court cases, but he fails to establish his need for the rules with respect to this case. Indeed, Plaintiff filed his appellate brief before he filed his motion for a copy of the civil rules. This timely filing shows no injury. Therefore, we deny Plaintiff's motion for a copy of the civil rules.

For substantially the same reasons discussed by the magistrate judge and adopted by the district court, we **AFFIRM** the district court's grant of summary judgment to Defendants. Further, we **DENY** Plaintiff's motion for a copy of the

Federal Rules of Civil Procedure.  We also **DENY** his application for a certificate

of appealability as unnecessary.  However, we **GRANT** Plaintiff's motion to

proceed without prepayment of fees and remind him of his continuing obligation

to make partial payments until the filing fee has been paid in full.  All other

pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge