**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DEREK I. ALLMON,

      Plaintiff–Appellant,

v.

R. WILEY, Warden; MR. CHURCH,
Captain; L. BRAREN, SIS Tech,

      Defendants–Appellees.

No. 11-1498
(D.C. No. 1:08-CV-01183-MSK-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

_____

Derek Allmon, a federal inmate proceeding pro se, appeals the district court's

order granting summary judgment in favor of the defendant prison officials on his civil

rights claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

     * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

# I

Allmon is serving multiple concurrent terms of life imprisonment for trafficking drugs and attempting to kill witnesses set to testify against him.  The sentencing court recommended that Allmon "be placed at the highest security federal correctional facility" and ordered various restrictions on Allmon's ability to correspond with the outside world.  One restriction requires prison officials to open, copy, and forward to the United States Attorney any mail not addressed to Allmon's counsel of record.  Due to Allmon's repeated attempts to circumvent screening and to convince individuals on the outside to carry out crimes on his behalf, the sentencing court increased these restrictions in 2010. United States v. Allmon, 4:04-CR-00169-01-WRW, 2010 WL 936560, at *1-2 (E.D. Ark., Mar. 15, 2010) (unpublished).

Since October 3, 2007, Allmon has been incarcerated at the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado.  Appellee-Defendant Braren is an employee at ADX whose duties include monitoring inmate mail. On November 15, 2007 Braren intercepted a letter from Allmon to "Miles Davis," an individual not affiliated with Allmon's counsel of record.  In the letter, Allmon asked Davis to include four Bureau of Prison ("BOP") employees in a civil complaint and to "place liens against their assets."  BOP regulations prohibit inmates from interfering with a BOP employee's performance of her duties, including by filing false liens against them. As such, Braren issued an incident report against Allmon.  A discipline officer conducted a hearing, found that Allmon violated the rules by soliciting Davis to file a fraudulent

lien, and imposed various sanctions.

During this time, Allmon, who had recently been transferred to ADX from another institution, was housed in a special temporary unit while awaiting formal placement. Allmon maintains that he was originally to be placed in general population housing. However, on November 28, 2007, Warden Wiley and Associate Warden Church assigned Allmon to the H unit, a highly restrictive housing unit where inmates' communications can be closely monitored. According to Wiley and Church, ADX's practice at the time was to house all inmates subject to court-imposed communications restrictions, or special administrative measures, in the H unit.

Allmon brought suit against Braren, Wiley, and Church under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that they retaliated against him in violation of the First Amendment: Braren by initiating disciplinary proceedings against him, and Wiley and Church by assigning him to the H unit.[1] Concluding that the defendants were entitled to qualified immunity, the district court granted summary judgment on each of Allmon's claims.

## II

We review a district court's grant of summary judgment de novo, using the same standards applied by the district court. Roberts v. Barreras, 484 F.3d 1236, 1239 (10th

---

[1] Allmon's initial suit included additional claims against Wiley and Church, as well as claims against other defendants. The district court dismissed those claims, and they are not at issue on appeal.

Cir. 2007).  Viewing the evidence and reasonable inferences therefrom in the light most

favorable to the nonmoving party, id., we will affirm a grant of summary judgment only

if "there is no genuine issue as to any material fact and the movant is entitled to judgment

as a matter of law."  Fed. R. Civ. P. 56(a).  "When a defendant asserts qualified immunity

at summary judgment, the burden shifts to the plaintiff to show that:  (1) the defendant

violated a constitutional right and (2) the constitutional right was clearly established"

under Supreme Court or Tenth Circuit precedent.  Martinez v. Beggs, 563 F.3d 1082,

1088 (10th Cir. 2009).

**A**

Allmon first claims that Braren retaliated against him in violation of the First

Amendment by issuing an incident report after intercepting his letter to "Miles Davis."

However, an inmate's exercise of his First Amendment rights may be limited by rules

reasonably related to legitimate penological interests.  Turner v. Safley, 482 U.S. 78, 89

(1987).  Allmon does not challenge the discipline officer's finding that his letter ran afoul

of BOP regulations that prohibit inmates from interfering with staff members in the

performance of their duties.  Nor has he shown that a rule preventing inmates from filing

fraudulent liens is illegitimate under the Turner test.  482 U.S. at 89-90.  Accordingly, we

agree with the district court that Allmon has not demonstrated a clearly established

constitutional violation.

In reaching this conclusion, we reject Allmon's contention that constitutional

protection for his statements was "restored" when, two months after the incident, Braren

-4-

allegedly mailed his letter to Davis.  Even accepting Allmon's assumption that the BOP

prohibits employees from mailing communications that violate prison regulations, the

fact that Braren ignored this instruction does not undo Allmon's violation of prison rules.

**B**

We also agree that summary judgment in favor of Wiley and Church was proper.

Allmon alleges that Wiley and Church placed him in the H unit because he "fil[ed]

grievances," wrote "the disliked letter to Miles Davis," and used a racially charged slur

against Wiley.  As discussed above, Allmon's statement regarding liens in the letter is not

protected by the First Amendment.  We therefore focus our attention on whether Allmon

has shown that defendants retaliated against him because he lodged complaints or

insulted them.  On appeal, Allmon primarily attacks the district court's finding that

defendants did not alter his original housing assignment, but rather assigned him to a

restrictive unit in the first instance.  But even if the district court erred in this regard,

Allmon cannot prevail on his claims against Wiley and Church.

To survive summary judgment, Allmon "must prove that 'but for' the retaliatory

motive, the incidents to which he refers . . . would not have taken place." Peterson v.

Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (quotation omitted).  "[A]n inmate is not

inoculated from the normal conditions of confinement . . . merely because he has engaged

in protected activity."  Id.  Before the district court, Wiley and Church presented

evidence that they assigned Allmon to the H unit because of his court-ordered

communications restrictions and past attempts to circumvent these restrictions.  In the H

unit, prison officials could closely monitor Allmon's communications and better prevent him from passing along correspondence through inmates not subject to strict restrictions. Aside from a handful of conclusory statements, Allmon presented almost no rebuttal evidence from which a jury could reasonably find that defendants were motivated because he filed grievances or insulted Wiley. Although Allmon may have described Wiley in offensive terms shortly before the wardens made the assignment, "we have consistently held that temporal proximity between protected activity and a challenged prison action does not, in itself, demonstrate the causal nexus for a retaliation claim." Strope v. Cummings, 381 F. App'x 878, 883 (10th Cir. 2010) (unpublished) (citing Friedman v. Kennard, 248 F. App'x 918, 922 (10th Cir. 2007) (unpublished) (collecting cases)). Allmon has therefore failed to show that appellants violated his clearly established constitutional rights.

### III

We **AFFIRM** the district court. Because Allmon has not presented a reasoned, non-frivolous argument in support of the issues he raises on appeal, DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir.1991), his motion to proceed in forma pauperis is **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-6-