FILED
United States Court of Appeals
Tenth Circuit

September 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EARL WILLIAM CAMPBELL, JR.,

      Plaintiff - Appellant,

v.

DR. GAGEN SINGH, M.D.; DR.
PAULA FRANTZ, M.D.; KATHERN
RITTENHOUSE, P.A.C.; SERGEANT
JOHNSON, LU-3, Sterling Regional
Medical Center,

      Defendants - Appellees.

No. 11-1468
(D.C. No.1:09-CV-01041-CMA-KLM)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

In May 2009 Plaintiff Earl William Campbell filed a complaint under

42 U.S.C. § 1983 in the United States District Court for the District of Colorado

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alleging that 11 defendants violated his constitutional rights while he was a prisoner at Sterling Correctional Facility (the Correctional Facility) in Sterling, Colorado. The district court dismissed some claims in Plaintiff's amended complaint for failing to state a claim, allowed Plaintiff to file a final amended complaint, and then granted summary judgment against Plaintiff on the remaining claims. On appeal Plaintiff challenges only the dismissal of his claims under the Eighth Amendment for cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    THE ALLEGATIONS

Plaintiff's amended complaint and final amended complaint allege misconduct over several years. Some allegations were disputed or explained by the defendants in responsive pleadings, but we begin by reciting Plaintiff's version.

In 2001 Plaintiff was diagnosed with a torn anterior cruciate ligament (ACL). In September 2002 defendant Dr. Floyd Pohlman performed reconstructive surgery to repair the tear. After months of pain during which Plaintiff complained repeatedly about how his knee was healing, Plaintiff had an MRI of the knee in September 2003. It revealed that the ACL graft had failed, so Plaintiff had a second surgery the following month. Plaintiff returned to the Correctional Facility the day after surgery and was not provided any walking aids.

The next day, Plaintiff was walking to obtain his medicine when he slipped on icy pavement. After some delay he was taken by ambulance to Sterling Regional Medical Center, where he had surgery to repair a broken patella and a torn patellar tendon. At that time Pohlman told Plaintiff that he was unsure whether the fall had affected the ACL graft.

After returning to the Correctional Facility, Plaintiff's knee was very painful and he requested medical attention and treatment—requests that, for a period of time, were either ignored or denied. On December 5, 2003, Plaintiff complained about the pain and showed the housing staff his knee, which was swollen, hot to the touch, and showed signs of infection. Plaintiff was taken to Denver Receiving and Diagnostic Center for antibiotic treatment and then to Denver Health Medical Center, where his knee was debrided and the incision closed. He returned to the Correctional Facility on December 23. Over the next months, Plaintiff's knee became somewhat better and his mobility improved, although it continued to be very painful and he had no pain medication.

On August 27, 2004, Plaintiff received follow-up care at Denver Health. After this appointment, a group of healthcare providers, including several defendants, determined that no further treatment or consultations associated with Plaintiff's left knee would be authorized. Even so, sometime in November or December of that year, Plaintiff was evaluated by McDonald Physical Therapy

and Sports Medicine, which recommended additional surgery and a knee brace. Plaintiff was given a knee brace that was improperly fitted.

About one year later, on November 23, 2005, defendant Leon Johnson, a corrections officer, moved Plaintiff to a top bunk. Plaintiff fell from the top bunk, requiring an ambulance trip to Sterling Regional Medical Center for injuries to his head and left knee. Over the next several years, he suffered from pain and disorientation resulting from these injuries.

Plaintiff received an MRI in January 2006, which showed that the ACL graft had not taken and his knee was unchanged from the September 2003 MRI that justified his second surgery. In February 2007 defendant Dr. Paula Frantz informed Plaintiff that he would be receiving no additional treatment beyond a cane and daily Tylenol.

## II.    STANDARD OF REVIEW

We review de novo the district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). To survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded factual allegations must, when taken as true and viewed in the light most favorable to the plaintiff, state a claim for relief "'that is plausible on its face.'" *Id.* at 1124 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Because [Plaintiff] is proceeding pro se, we liberally construe his filings." *Id.* at 1125.

We also review de novo a district court's grant of summary judgment under Fed. R. Civ. P. 56(a). *See Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010). Summary judgement is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence in the light most favorable to the party opposing summary judgment. *See Roberts v. Barreras*, 484 F.3d 1236, 1239 (10th Cir. 2007).

## III. DISCUSSION

The district court dismissed without prejudice the claims against defendant Brian Webster because he was never served. We affirm. The dismissal was clearly correct and not challenged in Plaintiff's appellate briefs.

The claim against defendant Dr. Floyd Pohlman was dismissed with prejudice as barred by the statute of limitations. The complaint alleged no action by Pohlman after October 2003. The only issue below was whether the limitations period was extended by equitable tolling because of representations that Plaintiff would receive further treatment. But Pohlman filed an affidavit that his last communication with Plaintiff was in January 2004 and that he moved to Hawaii in 2006. No admissible evidence contradicted these statements. And Plaintiff does not argue the tolling issue on appeal. We affirm.

Defendant Sterling Regional Medical Center was dismissed with prejudice on the ground that it could not be held liable for the conduct of physicians who

practice there. *See Rosane v. Senger*, 149 P.2d 372, 374 (Colo. 1944) ("That a hospital employs doctors on its staff does not make it liable for the discharge of their professional duty since it is powerless, under the law, to command or forbid any act by them in the practice of their profession."); *Estate of Harper v. Denver Health & Hosp. Auth.*, 140 P.3d 273, 275–78 (Colo. App. 2006) (describing statutory developments making clear that "legal relationships do *not* expose professional corporations and hospitals to vicarious liability for the negligent acts of their medical professionals"). Plaintiff does not argue this point on appeal, and we affirm.

Several defendants were alleged to have violated the Eighth Amendment in providing (or failing to provide) medical treatment to Plaintiff: Dr. Gagan Singh, Dr. Paula Frantz, nurse practitioner Kathern Rittenhouse, physician assistant Joann Stock, and Dr. J.G. Fortunato. The Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted). For a prison official's action to violate the Eighth Amendment, two requirements must be met. First, the inmate must be deprived of a serious need. *See id.* at 834 ("[T]he deprivation alleged must be, objectively, sufficiently serious . . . [and] result in the denial of the minimal civilized measure of life's necessities." (citations and internal quotation marks omitted)). Second, the

official must act with deliberate indifference to the inmate's health or safety. *See id.* An official's failure to act is with deliberate indifference when that official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw[s] the inference." *Id.* at 837.

The district court properly ruled that the claims against these five defendants should be dismissed with prejudice because of failure to allege adequately or failure to produce evidence that any of them acted with deliberate indifference to Plaintiff's medical needs. At most, Plaintiff showed his difference of opinion regarding his treatment, but a medical provider does not violate the Eighth Amendment simply by rejecting a patient's requests, or even by negligence. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("medical difference of opinion . . . is not actionable under the Eighth Amendment").

Plaintiff alleged that defendant Leon Johnson, a sergeant with the Colorado Department of Corrections, violated his Eighth Amendment rights by forcing him to move to a top bunk in November 2005 despite knowing that his knee problems would make such a move dangerous, and then harassed him after he filed a grievance against Johnson. We affirm the grant of summary judgment against Plaintiff on this claim. As stated by the magistrate judge, Johnson's affidavit

showed that there was "no genuine issue of material fact regarding whether Johnson knew that placing Plaintiff in a top bunk posed an *excessive* risk to Plaintiff's health or safety." Aplee. Br., Attach. 7 at 1143 (Recommendation of United States Magistrate Judge at 15, *Campbell v. Singh*, No. 09-cv-01041-CMA-KLM (Aug. 8, 2011)) (citing *Farmer*, 511 U.S. at 837). We further note that Plaintiff's allegations of retaliation are too vague to support a cause of action.

Defendant Kevin Milyard is the warden at the Correctional Facility. He could be subject to supervisory liability under § 1983 if he was "personally involved in the constitutional violation," and "a sufficient causal connection . . . [existed] between [him] and the constitutional violation." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks omitted). "[A] plaintiff must establish that the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur." *Id.* at 1151 (internal quotation marks omitted). Plaintiff, however, makes no effort to argue on appeal that Milyard was personally liable. We therefore must affirm the dismissal of Plaintiff's claims against him.

Similarly, defendant Beverly Dowis was the health services administrator for the Correctional Facility. But Plaintiff failed to allege adequately the requisites for supervisory liability. In response to Dowis's motion to dismiss, Plaintiff relied solely on the general duties and responsibilities of a medical administrator. Plaintiff does not argue on appeal, and we do not discern, any

basis for her liability. We therefore affirm the district court's dismissal of Plaintiff's claims against her.

Finally, Plaintiff argues several procedural issues on appeal. First, he complains that he was not provided an adequate opportunity for discovery before the district court granted summary judgment. But the district court properly observed that Plaintiff had been granted ample time for discovery, had not taken advantage of the court's granting him additional time to move to compel discovery responses, and had not indicated how additional discovery would assist him in opposing summary judgment. Second, Plaintiff's reply brief on appeal contends that the defendants' brief on appeal was untimely. We disagree. On February 22, 2012, we granted the defendants an extension of time until March 13, 2012, to file their brief. They filed a brief on that date, but it was defective. We ordered that a proper brief be filed within 10 days, and the defendants filed a proper brief on March 21. Third, Plaintiff's reply brief complains of the Assistant Attorney General's failure to file in district court an entry of appearance as required by Tenth Circuit Rule 46-1. We reject this complaint, because it was not raised until the reply brief and Plaintiff does not explain why an appellate rule should apply in district court.

## IV.   CONCLUSION

We GRANT Defendant's motion to proceed *in forma pauperis* but AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge