**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER WAYNE WEBB,

        Plaintiff-Appellant,

v.

JUSTIN JONES, Director DOC;
AMANDA WEAVER, Case Mgr;
MR. JONES, Unit Mgr,

        Defendants-Appellees.

No. 12-6250
(D.C. No. 5:11-CV-01477-M)
(W.D. Okla.)

CHRISTOPHER W. WEBB,

        Plaintiff-Appellant,

v.

BILL STURCH; MONTY
MONTGOMERY,

        Defendants-Appellees.

No. 12-7070
(D.C. No. 6:10-CV-00438-JHP-SPS)
(E.D. Okla.)

CHRISTOPHER W. WEBB,

        Plaintiff-Appellant,

v.

MIKE OSBORNE; MR. HAMILTON,

        Defendants-Appellees.

No. 12-7071
(D.C. No. 6:12-CV-00058-JHP-SPS)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

These three appeals are brought by pro se Oklahoma prisoner Christopher W. Webb.  We have jurisdiction under 28 U.S.C. § 1291 and dismiss these appeals as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### No. 12-6250

Mr. Webb sued for damages and injunctive relief under 42 U.S.C. § 1983, naming as defendants, in their official and individual capacities:  (1) Justin Jones, the Director of the Oklahoma Department of Corrections; (2) Amanda Weaver, a case manager at the Lexington Assessment and Reception Center (the Center); and (3) Mr. Jones, the unit manager of the Center.

The Center is a facility that temporarily houses prisoners who have been convicted and sentenced for a crime prior to their assignment to a permanent facility.  According to Mr. Webb's amended complaint, the alleged constitutional violations occurred during the assessment and review process at the Center.  In particular, he

_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

- 2 -

claimed that the defendants:  (1) jeopardized his life and safety by releasing information about the nature of his crimes; (2) erroneously considered certain prior convictions in assigning his custody level; and (3) enacted and enforced policies that afford more good time credits to defendants who plead guilty.  As to the claim for injunctive relief, Mr. Webb asked that the defendants be prevented in the future from releasing any information about the nature of his crimes.

The magistrate judge concluded that the damage claims against the defendants in their official capacities should be dismissed on the grounds of Eleventh Amendment immunity.  As to the request for injunctive relief and damages on the individual capacity claims, the magistrate judge concluded that the defendants were entitled to summary judgment because Mr. Webb failed to exhaust his administrative remedies.  The district court overruled Mr. Webb's objections, adopted the magistrate judge's report and recommendation, and entered judgment in favor of the defendants.  This appeal followed.

"[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state."  *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  "We review *de novo* a district court's consideration of subject-matter jurisdiction in the context of a Fed. R. Civ. P. 12(b)(1) motion to dismiss based on Eleventh Amendment immunity."  *Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998).

Mr. Webb appears to acknowledge this rule, but argues in a conclusory fashion that the defendants are not entitled to Eleventh Amendment immunity because their actions were "malicious," Aplt. Opening Br. at 2, and the "totality of the circumstances" favor the waiver of sovereign immunity, *id.* at 3. This is insufficient appellate argument. *See* Fed. R. App. P. 28(a)(9)(A) (requiring, among other things, that an opening brief contain an argument with citations to the law). That Mr. Webb is pro se does not excuse him from compliance with this rule. "[P]ro se parties [are required to] follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). "[A]lthough we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (brackets, citation, and internal quotation marks omitted). Even when viewed through the forgiving lens that this court applies to pro se litigants, Mr. Webb's "briefs do not come close to complying with Federal Rule of Appellate Procedure 28," *id.*, because they contain nothing more than declarations of error without reference to any legal authorities.

As for the claims against defendants in their individual capacities, exhaustion of administrative remedies is mandatory under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA) and "unexhausted claims cannot be brought in court."

*Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010) (internal quotation marks omitted). "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citation omitted).

"A party may move for summary judgment, identifying each . . . defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "We review a district court's grant of summary judgment de novo, using the same standards applied by the district court." *Id*. at 1239; *see also Little*, 607 F.3d at 1249 ("We review de novo the district court's finding of failure to exhaust administrative remedies." (internal quotation marks omitted)).

In their motion for summary judgment the defendants provided a copy of the grievance procedures and offered affidavits that Mr. Webb did not file any grievances while he was housed at the Center. In response to the motion, Mr. Webb alleged that his was an emergency grievance and that he did in fact follow the procedures for such matters: "This particular 8th Amend. violation was an emergency as to exhaustion requirement(s), although – plaintiff did exhaust administrative remedie(s)." R. Vol. 1

at 80.  He stated that he complied with the procedures by bringing his complaints to the attention of Ms. Weaver and Mr. Jones, and further argued that the lack of records "proved nothing." *Id*. at 82.  Mr. Webb repeats these arguments on appeal.

We agree with the magistrate judge that Mr. Webb did not comply with the requirements for filing an emergency grievance.  The grievance policy requires that emergency grievances be to the "reviewing authority," *id*. at 73, which in turn is defined as "[t]he facility head or facility correctional health services administrator," *id*. at 62.  Neither Ms. Weaver nor Mr. Jones meets this definition.  As such, the defendants were entitled to summary judgment on their defense that Mr. Webb failed to exhaust his administrative remedies.

### No. 12-7070

This suit was filed against Bryan County Sheriff Bill Sturch and Bryan County Commissioner Monty Montgomery under § 1983 for the alleged prolonged exposure to toxic black mold while Mr. Webb was incarcerated at the Bryan County Jail.  The district court entered several orders during the course of the litigation, including an order denying Mr. Webb's motion for a default judgment and an order granting Mr. Montgomery's motion to dismiss and denying Mr. Webb's motion to certify the suit as a class action.

Eventually, on October 5, 2012, the court entered an order in which it found that Mr. Webb failed to exhaust his administrative remedies and "[a]ssuming arguendo that [Mr. Webb] had complied with the grievance process, [he] has failed to

establish that there is any genuine dispute as to any material fact." R. Vol. 1 at 164. In particular, the court cited the lack of any "evidence to establish that [Mr. Webb] has [] suffered *any* health consequences as a result of the conclusory allegations which he made regarding the presence of mold," *id.* at 163, and that Sheriff Sturch's supplemental evidence demonstrated that "Oklahoma State Jail Inspectors have inspected the Bryan County Jail on two separate occasions during the time period in which [Mr. Webb] alleged the presence of mold," *id.* at 163-64, and never issued a citation. Additionally, the court found that the suit was frivolous under 28 U.S.C. § 1915(g), and counted the dismissal as a strike under the PLRA. Mr. Webb now appeals.

Mr. Webb has failed to develop any issue for appellate review. His brief sets forth general declarations of error that are unsupported by any citations to legal authority. This is inadequate appellate argument. *See* Fed. R. App. P. 28(a)(9)(A) (requiring, among other things, that an opening brief contain an argument with citations to the law and record); *see also Garrett*, 425 F.3d at 840 ("[T]he court cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record."). This failure alone is sufficient to deny appellate review. Nonetheless, we have examined the record and considered the applicable law, and discern no error in the district court's orders.

The final § 1983 suit filed by Mr. Webb involved allegations against Mike Osborne, an assistant administrator at the Bryan County Jail, and corrections officer Mr. Hamilton, who also works at the jail. According to the complaint, these defendants violated his constitutional rights on two separate occasions. First, Mr. Webb alleged that Mr. Osborne placed his "life/safety in jeopardy through unconstitutional prison condition(s) and further inciting inmate(s) against [him] by – exposing his . . . past problem(s)." R. Vol. 1 at 5. More specifically, he claimed that Mr. Osborne refused to discuss in private why he was being housed with more dangerous inmates. Second, he claimed that Mr. Hamilton "maliciously & with wanton negligence plac[ed] [his] life/safety in jeopardy with (a) deliberate indifference," *id*. at 6, when he failed to take reasonable precautions to prevent Mr. Webb from being assaulted by other inmates while he was out of his cell for a shower.

The district court found that Mr. Webb failed to present any evidence that either Messrs. Osborne or Hamilton personally participated in the alleged violation of his constitutional rights or that Mr. Webb exhausted his administrative remedies. Moreover, assuming that Mr. Webb had complied with the Bryan County Jail's grievance process, the court found that he failed to establish any genuine dispute as to any material fact. Additionally, the court found that the suit was frivolous under

28 U.S.C. § 1915(g), and counted the dismissal as a strike under the PLRA. This appeal followed.

Mr. Webb's appellate brief is deficient in several regards. First, it makes general declarations of error that are unsupported by any citations to legal authority. *See* Fed. R. App. P. 28(a)(9)(A) (requiring, among other things, that an opening brief contain an argument with citations to the law). Second, the brief contains Mr. Webb's recitation of the facts concerning his contact with Mr. Osborne and the details of the fight between himself and some other inmates, but he does not cite to the record. *See id*. (requiring that an opening brief contain references to the record). These deficiencies alone would be sufficient to deny appellate review. *See Garrett*, 425 F.3d at 840 ("[T]he court cannot take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record."). Once again, however, we have examined the record and considered the applicable law, and discern no error in the district court's order.

These appeals are dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous if it "lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We also impose three strikes, one for each appeal, under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 781 (10th Cir. 1999) ("If we dismiss as frivolous a prisoner's appeal of an action for which the district court entered judgment for defendant, the dismissal of the appeal counts as one strike."); *see also Hafed v. Fed.*

*Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011) ("[A] strike counts against a prisoner from the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for a writ of certiorari expired, if he did not.").

Mr. Webb's motion to proceed in forma pauperis on appeal in No. 12-6250 is denied and he is ordered to immediately pay his appellate docketing and filing fees in full. Mr. Webb's "Motion/to/seek-leave/proceed forward, and file the - - Amended Information – (TRO-Request)" in No. 12-6250 is denied.

Entered for the Court


Monroe G. McKay
Circuit Judge