**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLENN H. GORTON,

      Plaintiff-Appellant,

v.

C/O WILLIAMS,

      Defendant-Appellee.

No. 08-6196

(D.C. No. 07-CV-01165-F)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

In this pro se state prisoner appeal, Plaintiff Glenn H. Gorton alleges the district court erred by granting summary judgment to Defendant.

In his 42 U.S.C. § 1983 complaint before the district court, Plaintiff first alleged Defendant used inappropriate physical force. He claimed Defendant squeezed his upper left arm, causing pain, while he escorted Plaintiff to the medical unit. Plaintiff also alleged Defendant sexually harassed him by making

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). Therefore, this case is ordered submitted without oral argument.

comments and sexual advances, in addition to generally harassing him by banging on his cell bars. According to Plaintiff, he tried unsuccessfully to resolve his concerns through Lawton Correctional Facility internal processes, as well as through letters to outside prosecutorial and law enforcement agencies.

In addition to his complaint before the district court, Plaintiff filed various motions which the magistrate judge recommended be denied. For his part, Defendant filed a *Martinez* report in response to a court order. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). In conjunction with this, Defendant filed a motion for summary judgment, contending Plaintiff's claims must fail because he did not exhaust his administrative remedies and because his allegations did not rise to the level of a constitutional violation. Upon review of the pleadings and evidence presented, the magistrate judge recommended the court grant Defendant's motion because Plaintiff presented insufficient evidence that he exhausted his administrative remedies. After reviewing the report and recommendation, the court granted summary judgment to Defendant.

We review a grant of summary judgment de novo, using the standards applied by the district court. *Roberts v. Barreras*, 484 F.3d 1236, 1239 (10th Cir. 2007). In other words, we view the evidence and the reasonable inferences to be drawn from it in the light most favorable to the nonmoving party, and affirm only where there remains "no genuine issue as to any material fact" and "the moving

party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). Even viewing the evidence in the light most favorable to Plaintiff, we conclude Defendant met his burden of proving Plaintiff failed to exhaust his administrative remedies under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Barreras*, 484 F.3d at 1241. The PLRA requires prisoners to exhaust any available administrative remedies before bringing an action under § 1983 or other federal law. 42 U.S.C. § 1997e(a). To comply with this requirement, a prisoner must fully observe the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

In this case, the record shows Plaintiff failed to complete the administrative process for any of his claims. Defendant filed sworn statements reflecting that Plaintiff filed no grievances or administrative appeals on the claims at issue. Although Plaintiff alleged he filed fifteen informal requests and provided copies of many of those, he presented no evidence that he continued with Lawton's administrative process by filing grievances or appeals. Indeed, Plaintiff admits he has no copies of any grievances related to this case, though he makes an unsworn claim that he filed some. Although we construe a pro se litigant's pleadings liberally, they must still comply with the minimum requirements of the rules. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). In the absence of other evidence, an unsworn allegation does not meet the evidentiary requirements of Rule 56 of the Federal Rules of Civil Procedure. Therefore, it fails to create a

-3-

genuine factual dispute for summary judgment purposes. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006); *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997). Similarly, the letters of concern Plaintiff sent to various unrelated government agencies also do not create a dispute as to exhaustion. In short, in light of Defendant's evidence that Plaintiff submitted no grievances related to his claims in this case, the court's grant of summary judgment to Defendant for failure to exhaust was appropriate.

Plaintiff largely confines his challenge on appeal to the court's grant of summary judgment to Defendant but also makes brief mention of the denial of his motions regarding legal materials. To the extent that Plaintiff challenges the disposition of these motions, his challenge fails. The district court concluded the issues raised in the motions (and individuals named in them) were unrelated to Plaintiff's claims of harassment and abuse in this case. The court did not err by dismissing the motions. Indeed, Plaintiff has another appeal pending before this court, *Gorton v. Miller*, No. 08-6160, addressing these issues of legal services and materials at Lawton.

Finally, in his opening brief, Plaintiff claims he has been prevented by Lawton staff from pursuing charges against Defendant for his conduct. However, in his reply, Plaintiff essentially concedes that this concern does not relate to the merits of his original § 1983 claim. He indicates an intent to file a new case to address the alleged mishandling of his grievances.

For substantially the same reasons discussed by the magistrate judge and adopted by the district court, we **AFFIRM** the district court's grant of summary judgment to Defendant.  Further, we **GRANT** Plaintiff's motion to proceed without prepayment of fees and remind him of his continuing obligation to make partial payments until the filing fee has been paid in full.  All other pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge