**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEPHEN CRAIG BURNETT,

     Plaintiff - Appellant,

v.

KATHY MILLER; RAYMOND
LARIMER; NANCY COLPETZER;
MARK REIHELD,

     Defendants - Appellees.

No. 17-7061
(D.C. No. 6:12-CV-00158-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Stephen Craig Burnett, an Oklahoma prisoner proceeding pro se, sued several prison officials under 42 U.S.C. § 1983 for violating his Eighth Amendment rights by placing him in a medical cell that lacked heat and where he received no food or drink for a day and a half. The district court granted summary judgment against him because he failed to exhaust his administrative remedies. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

After complaining of shortness of breath and chest pain, Mr. Burnett was sent to the prison's medical clinic. An electrocardiogram yielded abnormal results, and medical staff determined that Mr. Burnett should be sent for further testing. While those arrangements were being made, Mr. Burnett was placed in a medical cell. Mr. Burnett alleges that the cell was unheated and that he received no food or drink while he remained there for a day and a half before being transported to the hospital. Three days later, Mr. Burnett had three stents placed in his heart. He was discharged back to the prison the following day.

Months later, Mr. Burnett filed this action. After the district court granted the defendants' motion for summary judgment, we remanded the case because the court had overlooked Mr. Burnett's claim regarding the conditions in the medical cell. *Burnett v. Miller*, 631 F. App'x 591 (10th Cir. 2015). The defendants then filed another motion for summary judgment, arguing that Mr. Burnett failed to exhaust available administrative remedies with respect to this claim. The district court granted the motion.

Mr. Burnett concedes that, because he failed to comply with the prison's grievance procedure, he failed to exhaust his administrative remedies on this claim. Citing *Ross v. Blake*, 136 S. Ct. 1850 (2016), he argues that he was not required to exhaust the grievance procedure because no administrative remedy was available.

2

## II. Analysis

We review de novo the district court's grant of summary judgment. *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, we view the evidence in the light most favorable to Mr. Burnett. *See Tuckel*, 660 F.3d at 1251. We liberally construe Mr. Burnett's pro se pleadings. *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Under the Prison Litigation Reform Act (PLRA), "available" administrative remedies must be exhausted before filing a § 1983 claim challenging prison conditions. *See* 42 U.S.C. §1997e(a). This requirement applies "[e]ven where the available remedies would appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (internal quotation marks omitted). But "an inmate is required to exhaust . . . only those[] grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross*, 136 S. Ct. at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

In *Ross*, the Supreme Court noted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief" and is therefore unavailable. *Id.* First, a procedure is unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use," such as

3

when the rules are so confusing that no reasonable prisoner can use them. *Id.* Third, a procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

Mr. Burnett argues that an administrative remedy was unavailable to him for a number of reasons. He first argues that he was unable to meet the deadlines for initiating the grievance procedure "through no fault of his own." Aplt. Opening Br. at 4. He explains that he was still in the hospital three days after leaving the medical cell, and, upon his return to the prison, he was on medications that rendered him "not in a clear, normal state of mind within 7 calendar days of being in the medical cell, and simply not capable of submitting a [request to staff] complaining about the conditions in the medical cell." *Id.* However, though the first steps of the prison's grievance procedure normally require a prisoner to make an initial attempt to resolve a complaint informally by speaking with an appropriate prison official within three days of the incident and to then, if the issue is not resolved, submit a request to staff within seven days of the incident, the procedure also provides a process for submitting a grievance out of time. Because Mr. Burnett offers no explanation for why he did not attempt to submit a grievance out of time, his contention that "any further steps in the grievance process would have been futile," *id.*, is not supported by the record.

Moreover, "[e]ven where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative

4

remedies available." *Jernigan*, 304 F.3d at 1032 (internal quotation marks omitted). Mr. Burnett does not allege that after he recovered from his medical treatment the procedure for filing a grievance out of time was not available to him.

His contention that the grievance procedure "offers no available relief" because "monetary relief and discipline to staff are non-grievable issues," Aplt. Opening Br. at 12, is also unavailing. "Congress meant to require procedural exhaustion regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible." *Booth*, 532 U.S. at 739. Mr. Burnett's related contention that the defendants should bear the burden of identifying what relief is available has no basis in law. He is correct that the failure to exhaust is an affirmative defense and that the burden of proof is on the defendants. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("[T]he burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant."). But it is undisputed that Mr. Burnett did not attempt to comply with the grievance procedure with respect to this claim, so the defendants have met their burden of showing that there is no genuine dispute as to any material fact regarding Mr. Burnett's failure to exhaust his administrative remedies.

Mr. Burnett also argues that rules of the grievance procedure are so opaque that no reasonable prisoner can use them. But he does not dispute the district court's finding that he filed at least eleven grievances in a six-month period encompassing the date on which he filed his complaint. R., Vol. 2 at 262; *see also Burnett v. Allbaugh*, 715 F. App'x 848, 850 (10th Cir. 2017) (pointing out that "of the seven

5

prior lawsuits [Mr. Burnett] claims were dismissed in whole or in part for failure to exhaust, <u>only two</u> were actually dismissed on that basis"). In light of his demonstrated familiarity with the grievance procedure, his argument that it is so confusing that it is incapable of use lacks merit.

## III. Conclusion

We affirm the judgment of the district court.

Entered for the Court


Allison H. Eid
Circuit Judge